## STATE *v.* JOSEPH W. SMALLEY.

### *Criminal Law.*

It is no cause of demurrer that an indictment contains counts for separate and distinct
arsons.    But where several offences are charged in the same indictment, the gen-
eral practice is, to compel the State, on the respondent's application, to elect on
what counts to go to trial, and such election is a practical abandonment of the rest
of the indictment.

In criminal prosecutions, it is the duty of courts to prevent the introduction of evi-
dence that would support a charge against the respondent whereof he is not ap-
prised, under the pretext of its affording some presumption of the offence that is the
subject of the indictment.    It is not permissible to prove a felony that has no con-
nection with nor reference to the one that the respondent is being prosecuted for
having committed.    But when the character of the particular crime charged against
the respondent is to be ascertained from other acts done by him, all of them consti-
tuting one entire transaction, it is permissible to prove them all.

Respondent was charged with burning certain buildings that were alleged to be his
own, with intent to defraud an insurance company.    To prove the requisite owner-
ship in the respondent, the State introduced a deed of the premises, showing the
legal title thereof in another, but introduced evidence that the respondent negotia-

ted the purchase of the premises, and had from time to time made payments towards the purchase-money thereof; and it did not appear that the person in whom the legal title stood had ever made any payment thereon. *Held*, that the testimony was admissible.

INDICTMENT in five counts, charging respondent with burning several buildings situate in Braintree. The respondent was charged in the first count with setting fire to and burning a certain barn of one Luther N. Tilson, an out-building contiguous to the dwelling-house of the said Tilson; in the second count, with setting fire to and burning a certain barn of one James Marsh; in the third count, with setting fire to and burning two barns, the property of one Loren Marsh, and that by such setting fire to and burning of said barns, the dwelling-house of the said Loren Marsh was thereby burned and consumed; in the fourth count, with burning, and causing and procuring to be burned, the dwelling-house and barn of the respondent, with intent to defraud the Farmers' Mutual Fire Insurance Company, in which company the said buildings were insured; and in the fifth count, with setting fire to and burning the dwelling-house of one George D. Smalley, and a certain barn of George D. Smalley, an outbuilding contiguous thereto.

Respondent demurred specially to the indictment, assigning as causes of demurrer, that more felonies than one, for different and distinct transactions, were attempted to be charged therein; that therein were attempted to be charged offences that were felonies and offences that were not felonies, and which were for different and distinct transactions; and that offences other and greater than misdemeanors, for different and distinct transactions, and of a different character and nature, were also attempted to be charged. The court overruled the demurrer, and adjudged the indictment sufficient; to which the respondent excepted.

It was claimed by the respondent that the cause should be passed directly to the Supreme Court, and it was objected by him that he could not be put to plead to the indictment until the questions arising on the demurrer were settled by the Supreme Court; and he insisted that the demurrer having been overruled and the indictment adjudged sufficient, as matter of law, judgment of

93

guilty should be rendered; but the court overruled the objection and claim, and ordered the respondent to plead, without prejudice to.his exceptions; to which the respondent excepted.

The respondent then moved that the State be put to elect upon which counts of the indictment it would rely for a conviction. The court ordered such an election, without prejudice to the right of the State to introduce any testimony under other counts that would be admissible as tending to show the respondent's guilt under the counts relied upon. The State elected to rely on the fourth and fifth counts. The respondent was then arraigned, and pleaded not guilty. Trial by jury and verdict of guilty under the fourth count, June Term, 1877, POWERS, J., presiding.

It appeared in testimony that on November 5, 1875, the buildings then owned and occupied by said Tilson were situated on a highway leading along Riford Brook, so called, which highway ran in an eastwardly and westwardly direction; that on said highway, westwardly from the buildings of said Tilson, and about a hundred rods therefrom, were the buildings then occupied by the respondent, among which were the dwelling-house and barn alleged in the fourth and fifth counts to have been burned by the respondent; that on or near said highway, westwardly from the buildings occupied by the respondent, and some sixty or seventy rods therefrom, were the buildings then owned and occupied by Loren Marsh; and that northwardly of and some sixty rods from said buildings of Loren Marsh, and on a hillside, was a barn of James Marsh. The State offered testimony to show that a barn of the said Tilson's, and the dwelling-house and a barn then occupied by the respondent, and the buildings of the said Loren Marsh, and the said barn of James Marsh, were consumed by fire on said November 5, at nearly the same time; and also testimony to show that the respondent had previous to the burning of said buildings, made threats against said Tilson and Loren Marsh, and other persons in that vicinity whose buildings were not burned; and to show statements and facts and circumstances in relation to the burning of some of the buildings that were burned, tending to connect the respondent with the burning of such other buildings, and which were not the buildings occupied by the respondent; to

all which testimony the respondent objected; but the court over-ruled the objection and admitted the testimony; to which the respondent excepted.

The State, to show respondent's ownership of the buildings occupied by him, put in evidence a certified copy of the record of a deed from John R. Williams and wife to George D. Smalley, conveying to said George D. Smalley the premises occupied by the respondent on said fifth day of November. The State then offered to show by said John R. Williams that the respondent negotiated the terms of the purchase of said premises of him, and furnished that part of the purchase-money paid at the time of said purchase; and had made subsequent payments towards said purchase; and no evidence was offered that George D. Smalley ever made any payments thereon. To this testimony the respondent objected; but the court overruled the objection and admitted the testimony; to which the respondent excepted.

The State offered to show by one Samuel Wells, the treasurer of said insurance company, a corporation chartered by the State of Vermont, that after the burning of the buildings described in the fourth and fifth counts, the respondent told the witness that he had an interest in those premises. To this testimony the respondent objected; but the court overruled the objection and admitted the testimony; to which the respondent excepted.

It appeared on the cross-examination of said Wells, that said insurance company, after the burning of the buildings described in the fourth count, and after an examination into the circumstances of the burning, adjusted and paid the loss under the policy of insurance issued by said insurance company on said buildings. After his cross-examination, the witness asked to state the reason why said loss was paid by the insurance company. To this the respondent objected; but the court overruled the objection and admitted the testimony; to which the respondent excepted.

It appeared that the dwelling-house and barn occupied by the respondent and burned on said fifth day of November, were some ten rods apart, were in different inclosures, but used together as a set of farm buildings, and that the highway leading past them ran between them. The evidence tended to show that the re-

spondent's barn and house were on fire at the same time ; and there was no evidence that tended to show that fire was communicated from one to the other. The respondent requested the court to restrict the evidence offered by the State under the fourth count, to the burning of one of said buildings, with the specified intent. The court refused so to do ; to which the respondent excepted.

The respondent requested the court to instruct the jury that to warrant a verdict of guilty under the fifth count, the dwelling-house and barn proved to have been burned must have been adjoining, contiguous, or touching each other ; and that the burning of two buildings—a dwelling-house and a barn contiguous to that dwelling-house—must be proved ; and that the burning of one building, either a barn or a dwelling-house, was not sufficient. The court refused so to charge ; to which the respondent excepted.

*Orin Gambell*, *C. H. Pitkin*, and *H. A. Huse*, for the respondent.

I. The demurrer should have been sustained. In this State, " offences are distinguishable into what may be termed crimes and misdemeanors ; the former punishable capitally, or by confinement in the State prison ; the latter, by fine, or imprisonment in the county jail. *State* v. *Scott*, 24 Vt. 127. Each count of the indictment charges a crime or offence greater than a misdemeanor. Gen. Sts. c. 113, ss. 2, 5 ; and the rules of procedure that govern in the higher offences apply. The indictment charges offences of different characters or natures.

Arson, at common law, is the malicious burning of *another's* house, 2 Bishop Crim. Law, s. 38 ; and was an offence against the security of the habitation, rather than the property. 1 Bishop Crim. Law, ss. 996, 1012 ; 2 Ib. s. 39 ; *State* v. *Toole*, 29 Conn. 342. The common-law definition includes, not only the mansion-house itself, but other buildings, parcel of the habitation. 3 Chit. Crim. Law, 1122 ; 2 Russell Crimes, 488. The statutory offence extends to the burning of any building of *another*. Gen. Sts. c. 113, s. 2. To constitute the crime, the burning must be done " willfully and maliciously ;" but the offence does not require " a

specific intent to do the particular thing, in distinction from general malice." 2 Bishop Crim. Law, s. 40.

The intentional burning of *one's own* building is not of itself criminal. It was not punishable at common law, unless it endangered the property of others. It was not a crime at common law, nor, prior to No. 22, Acts of 1858, was it a crime in this State, to burn one's own building with intent to defraud an insurance company. *Redway* v. *Gray*, 31 Vt. 292. It is a doctrine of the common law that a prisoner ought not to be charged with different felonies in one indictment. Archb. Crim. Pl. 61; Chit. Crim. Law, 252; Roscoe's Crim. Ev. 231.

But to meet the various phases given to a case by the proof, there is occasion to set out the offence differently in different counts. Hence, the theory or principle that different offences may be charged in the same indictment. The doctrine of a single offence in one indictment is preserved and applied by vesting in the court a judicial discretion to compel an election in case the offences are distinct in fact. The infringing principle has been permitted and received, only so far as the occasion for it required, with the qualification or limitation that the offences charged be of the *same character or nature*. This qualification or limitation has always been recognized, and offences of a different character, nature, or kind, cannot be joined in one indictment. *People* v. *Rynders*, 12 Wend. 427; *People* v. *Brown*, 6 Parker C. C. 657; *Kaufmann* v. *People*, 18 N. Y. 82; *McGregor* v. *State*, 16 Ind. 9; *Griffith* v. *State*, 36 Ind. 406; *Barton* v. *State*, 18 Ohio, 221; *Bailey* v. *State*, 4 Ohio St. 440; *Baker* v. *State*, 4 Ark. 56; *Johnson* v. *State*, 29 Ala. 62; *Wheeler* v. *State*, 42 Md. 563; *Hoskins* v. *State*, 11 Ga. 92; *Stephen* v. *State*, 11 Ga. 225; *Cash* v. *State*, 10 Humph. 111; *State* v. *Hood*, 51 Me. 363; *State* v. *Lincoln*, 49 N. H. 464; *State* v. *Cazeau*, 8 La. An. 109; *Teat* v. *State*, 53 Miss. 439; *Commonwealth* v. *Brown*, 121 Mass. 69; *Stevick* v. *Commonwealth*, 78 Pa. St. 460; *U. S.* v. *Dickinson*, 2 McLean, 325; *U. S.* v. *O'Callahan*, 6 McLean, 596; *U. S.* v. *Peterson*, 1 Woodb. & M. 305; *U. S.* v. *Scott*, 4 Bliss, 29.

The misjoinder was apparent from the record, and the proper way to take advantage of it was by special demurrer. *Wheeler*

v. *State*, 42 Md. 563 ; *Johnson* v. *The State*, 29 Ala. 62 ; *Stephen* v. *The State*, 11 Ga. 225.

The misjoinder was not cured by the election ordered and made. The respondent was charged in the fourth count with burning his own buildings with intent to defraud an insurance company ; and in the fifth, with burning the same buildings, at the same time and place, the property of another, willfully and maliciously. The offences differed in essential elements, and so, in the evidence by which they must be supported. The only similarity or coincident element between the two was the act of burning by or through which they were alleged to have been committed. The presence and condition of persons and things at the time and place alleged, and what was done and happened then and there, could properly be given in evidence on a trial for either offence as a part of the *res.* But in a trial on the fourth count, the investigation of a business transaction and relation between the respondent and the insurance company would be involved in proving the intent to defraud—the gist of the crime ; and the evidence adduced in so doing would be indirect, irrelevant, and inadmissible in a trial on the fifth count. And evidence admissible to show malice and motive in a trial on the fifth count, would be indirect, irrelevant, and inadmissible in a trial on the fourth count. The evidence to support the charges must show two different titles to the same property at the same time, in different persons. In fact, the evidence which must give character to the one offence, is different and distinct from the evidence which must give character to the other ; and a trial on the two counts must let in evidence under each count which was improper under the other, and which would prejudice and confuse the jury, giving to the State an unjust and unlawful advantage. Evidence which would sustain one count would not sustain the other ; and an acquittal of one offence could not be pleaded in bar of a prosecution for the other. Archb. Crim. Pl. 87 ; 1 Chit. Crim. Law, 452 ; 2 Russell Crimes, 41 ; 1 Whart. Am. Crim. Law, 565 ; *Commonwealth* v. *Roby*, 12 Pick. 496 ; *Commonwealth* v. *Clair*, 7 Allen, 525 ; *Commonwealth* v. *Tenney*, 97 Mass. 50 ; *Wilson* v. *The State*, 24 Conn. 56 ; *The State* v. *Standifer*, 5 Porter, 523.

The respondent's rights in respect of the jury were prejudiced and confounded by the joinder in trial of the fourth and fifth counts. A juror whom he would have the wish and right to have in the panel on trial of one count, would be challengeable for cause on trial under the other count, and the respondent be forced to use for his own safety his right of challenge in the second instance, to the loss of his right in the first. The offences are distinct in point of law, and are still of different kinds or natures; and there is the same incongruity in charging both in the same indictment that there would be in case the burnings were distinct in fact.

II. The testimony tended to show that some years before the time alleged, there had been a legal proceeding concerning the custody of one of the respondent's children, in which Luther N. Tilson, one Woodward, Jehial Williams, Jehial Holman, Loren Marsh, and Edgar Marsh, were called as witnesses and testified, and that the respondent had declared and threatened that he would have revenge on them. This evidence was clearly inadmissible under either the fourth or the fifth count. The threats related in no way to the insurance company, and had no tendency to prove an intent to defraud that company; and George D. Smalley was not one of the persons, or of the class of persons, indicated; and the threats had no tendency to prove malice toward him or motive for burning his buildings. Nor was this testimony competent as to the act of burning. It had but one possible connection with that act, and that, by presuming, first, from the fact that the buildings mentioned in the indictment were in the same neighborhood, and were burned at nearly the same time, that the fires had a common origin; secondly, from the animosity indicated by the threats, that the respondent set fire to the barn of Tilson and the buildings of Loren Marsh; and thirdly, from the first two presumptions, that the respondent set fire to the buildings described in the fourth and fifth counts. These presumptions cannot be made. The evidence must be confined to the point in issue. Roscoe's Crim. Ev. 81; Archb. Crim. Pl. 109; 2 Russell Crimes, 588. The first presumption is properly drawn, and is properly in the case, as tending to prove that the fire was not accidental.

The second presumption does not follow from the testimony. That testimony does not prove the acts of burning Tilson's barn nor Loren Marsh's buildings; though in a trial for either of those burnings it might be admissible as tending to show intent or motive.

The third, and coupling presumption fails. It is not drawn from facts proved by direct testimony, which is essential in circumstantial or presumptive evidence. Whart. Ev. 1226 ; Roscoe's Crim. Ev. 14 ; 2 Russell Crimes, 665 ; Archb. Cr. Pl. 122 ; *U. S. v. Ross*, 2 Otto, 284. "A presumption cannot be based upon a presumption." *Richmond* v. *Aiken*, 25 Vt. 324 ; *Admr. of Hammond* v. *Smith*, 17 Vt. 231. Moreover, the entire strength of this attenuated thread of presumptions is derived from the character of the man, as inferrable from the testimony. And the prosecution cannot give proof of the respondent's character until he has put it in issue. *Commonwealth* v. *Ferrigan*, 44 Pa. St. 386 ; *Shaffner* v. *Commonwealth*, 72 Pa. St. 60 ; *Barton* v. *State*, 18 Ohio, 221 ; Roscoe's Crim. Ev. 97 ; 2 Russell Crimes, 704 ; 1 Chit. Crim. Law, 573 ; *State* v. *Lapage*, 57 N. H. 245. And even the proof of character here attempted to be made, is by particular transactions and demonstrations; and character cannot be proved in that way. Roscoe's Crim. Ev. 98 ; 2 Russell Crimes, 704 ; *State* v. *Lapage*, 57 N. H. 245.

III. The certified copy of the record of a deed from John R. Williams and wife to George D. Smalley, put in evidence "to show ownership of the respondent of the buildings occupied by him," was proper primary evidence. The testimony of John R. Williams, offered to connect that title with the respondent, was incompetent until after the State had given notice to produce, and had called for a better kind of evidence. Nor could the State overturn or contradict with secondary evidence the primary evidence of title it had already put in. *Hoag* v. *Durfey*, 1 Aik. 286 ; *Slack* v. *Norwich*, 32 Vt. 818.

IV. The testimony of Wells, that the respondent told him that he had an interest in the premises, was inadmissible. The respondent was charged with burning *his own* buildings ; and it is obvious that to support the allegation, the proof must disclose

that the buildings were his for the purpose of obtaining insurance upon them—that he had an insurable interest in them. The statement testified to did not show that the interest was an insurable one. And there is the same objection to this testimony that there is to the testimony of John R. Williams.

V. The explanation of the witness Wells should have been rejected. The purpose or intent of a corporation in any of its acts can only be shown by the act itself, or by the vote authorizing that act, properly proved. It cannot be shown by the testimony of an individual member of the corporation.

VI. In the fifth count the respondent was charged with burning a dwelling-house and a barn " *contiguous* " thereto. It turned out in proof that the house and barn were some ten rods apart, were in different inclosures, and that the highway ran between them. This was a fatal variance. Words descriptive of a thing necessary to be mentioned in an indictment cannot be rejected as surplusage, and must be proved as laid. *Commonwealth* v. *Wellington*, 7 Allen, 299 ; 1 Whart. Am. Crim. Law, 629, 630 ; Roscoe's Crim. Ev. 102 ; 1 Greenl. Ev. ss. 63, 65 ; 1 Bishop Crim. Proced. 485. The allegation was not supported by the proof. *State* v. *Stewart*, 6 Conn. 47. The request was, in substance, for an instruction that the State must prove the allegation, to warrant a verdict on that count ; and the respondent was entitled to have it complied with. It cannot be said that the respondent was not prejudiced by giving the case to the jury without the instruction asked for. Indeed, some of the jury may have believed that he was guilty on the fifth count. And it is impossible to know whether any or what compromise was made on that basis in arriving at the verdict returned. If testimony is improperly submitted to the jury, or submitted without proper instructions, against the objection or request of the respondent, to hold the verdict, it should appear that such testimony was absolutely innoxious. *Kauffmann* v. *People*, 18 N. Y. 82, and cases cited.

VII. The evidence should have been restricted in its application under the fourth count. Duplicity is a defect in point of law. 1 Whart. Am. Crim. Law, 381 ; Archb. Crim. Pl. 54 ; 1 Bishop Crim. Proced. 432.

94

The count charged but one act of burning, and was not demur-
rable.   *State* v. *Newton*, 42 Vt. 537 ; *State* v. *Cameron*, 40 Vt.
555 ; *Woodford* v. *People*, 62 N. Y. 117 ; *Burgess* v. *The State*,
44 Ala. 190.

In this case, the burning of the house with the specified intent,
constituted an offence under s. 5, c. 113, Gen. Sts., and the burn-
ing of the barn with like intent, constituted an offence under that
section.   The house and barn were separate and distinct from
each other, and were burned by different acts of setting fire.   Each
offence was well charged.   Strike out the words, " and barn,"
and the one offence is charged ; and strike out the words, " dwell-
ing-house and," and the other offence is charged.   Each being
well charged, neither could be rejected as surplusage.   *State* v.
*Dorsett*, 21 Texas, 656.   The respondent could plead but one
plea to the count.

Both offences being well charged, he could not object to com-
petent evidence of either.   Some of the jury may have based their
verdict upon one offence, and some upon the other ; and it is un-
certain whether there was an actual agreement upon either.   And
after verdict, the respondent could not know, nor was the court
judicially informed, of what particular specific offence he had been
found guilty.   *Stockwell* v. *The State*, 27 Ohio St. 563.

There was duplicity in fact, and the respondent was entitled to
have the evidence restricted to one offence.   *Stockwell* v. *The State*,
27 Ohio St. 563 ; *Burgess* v. *The State*, 44 Ala. 190 ; *State* v.
*Smith*, 61 Me. 386 ; *State* v. *Beckman*, 57 N. H. 174 ; *Fisher* v.
*The State*, 33 Texas, 792.

*D. A. Rogers*, State's attorney, for the State.

I.   This indictment is drawn under c. 113, Gen. Sts.   By the
statute, no offence charged in the indictment is a felony.   The
statute makes the punishment confinement in the State prison ; and
although some of the counts charge offences that at common law
were felonies, yet, when the offence is declared by statute, and
the punishment prescribed, the statute governs, and must be fol-
lowed.   Whart. Am. Crim. Law, 92, 107.   The offences charged
in the several counts are of the same nature, and only differ in

degree of punishment, and so, may be embraced in one indictment. Whart. Am. Crim. Law, 108; *State* v. *Nutting,* 16 Vt. 26. The joinder of several offences in one indictment cannot be taken advantage of by demurrer.

II. The buildings were all on fire at the same time, are situated all in the same neighborhood, and the burning was substantially one transaction.

III. At common law, it was not necessary that the out-buildings should be connected to, or under the same roof with, the dwelling-house, to make the burning thereof arson. 4 Bl. Com. 221.

IV. The evidence of threats was admissible, as tending to show that respondent was the author of the *whole* conflagration.

V. The testimony of Williams and others, admitted to show that respondent was the *real* owner, as well as the occupant of the premises, was admissible on the question of *intent* to defraud the insurance company.

VI. The witness *Wells* had a right to explain his answer on a matter drawn out on cross-examination, provided he did not state any improper matter; and as the exceptions do not show what the explanation was, it is to be presumed that the language of the witness was proper and admissible.

The opinion of the court was delivered by

ROYCE, J. The indictment found by the grand jury against the respondent contained five counts. The first charged him with setting fire to and burning the barn of Luther N. Tilson; the second, with setting fire to and burning the barn of James Marsh; the third, with setting fire to and burning two barns of Loren Marsh, and that by setting fire to and burning said barns, the dwelling-house of said Marsh was burned; the fourth, with setting fire to and burning his own dwelling-house and barn, with intent to defraud the insurance company by which said buildings were insured; and the fifth, with setting fire to and burning the dwelling-house of George D. Smalley, and a barn of the said Smalley's, being an outbuilding contiguous to his said dwelling-house.

To this indictment the respondent demurred specially. The

first cause assigned is, that more felonies than one, and for different and distinct transactions, are attempted to be charged. In many of the text-books on criminal law, it is said that in cases of felony, no more than one distinct offence or criminal transaction at one time should be charged in an indictment, lest it should confound the prisoner in his defence, or prejudice him in his challenge to the jury; and the case of *Young* v. *The King*, 3 T. R. 98, decided by the court of King's Bench in 1789, is relied upon as the principal authority for the rule. The plaintiffs in error in that case were indicted under 30 Geo. 2, c. 24, for a misdemeanor in obtaining money under false pretences, and after conviction and sentence, removed the indictment by writ of error, and under the general assignment of errors, counsel, under their fourth objection, insisted that the second count in the indictment stated a distinct offence not arising out of nor connected with the charge in the first count. Lord KENYON, C. J., and ASHHURST, BULLER, and GROVE, JJ., delivered opinions. Lord KENYON said: "The objection would be well founded if the legal judgment on each count was different; but in this case the judgment on all the counts is precisely the same. A misdemeanor is charged in each; most probably the charges were meant to meet the same facts; but if it were not so, I think they may be joined in the same indictment." ASHHURST, J., said that there was no foundation for the objection. "Perhaps each count related to the same fraud; but if it were not so, I do not know any rule of law which prevents the joinder of two misdemeanors in the same indictment." BULLER, J., that in misdemeanors it is no objection to an indictment that it contains several charges; that if it appeared before the defendant has pleaded or the jury is charged, that he is to be tried for separate offences, it has been the practice of the judges to quash the indictment; but these are only matters of prudence and discretion, and the judge may put the prosecutor to his election on which charge he will proceed. And GROVE, J., that it is no objection in the case of felonies, still less is it so in misdemeanors. So there was nothing in that case that is an authority for that rule; and it was distinctly held in 2 Hale, 173, and 2 Leach, 1103, that in point of law there is no objection to the

insertion of several distinct felonies in the same indictment against the same offender. And in 1 B. & P., 180, that it was no ground either of demurrer or arrest of judgment. See also *Rex* v. *Benfield & Saunders*, 2 Burr. 980.

A distinction was made in England in this respect between felonies and misdemeanors; but the distinction was based upon the difference in the manner of trial and the consequences that resulted from convictions. But under the laws of this State, the mode of trial is the same in both cases, and there is no reason for observing any such distinction. Where several offences are charged in different counts in the same indictment, the general practice is the same that was adopted in this case—to compel the State, upon the application of the respondent, to elect upon which of the counts he is to be tried; and a designation of the count or counts is a practical abandonment of the others. That reserves to a respondent all the rights he would have had if the indictment had contained only the count or counts upon which he is tried.

The respondent was charged in each of the counts with the crime of arson, and that is an answer to the second cause assigned. The third has been considered in the views expressed upon the first. The demurrer was properly overruled; and the exceptions taken to the ruling and order of the court after the demurrer was overruled are not insisted upon.

The respondent then moved that the State be ordered to elect upon which counts they would rely for a conviction. The court ordered such an election to be made, and the State elected to rely upon the fourth and fifth counts. No objection seems to have been made to the selection made, and a verdict of guilty was returned under the fourth count. Upon the trial the State offered evidence tending to show that the buildings of Loren Marsh, James Marsh, and Luther N. Tilson, situate from 60 to 100 rods from the buildings described in the fourth and fifth counts, were burned on the same day that the buildings described in the fourth and fifth counts were burned, and that the respondent had, previous to the burning of said buildings, made threats against the said Tilson and Loren Marsh, and other persons of that vicinity whose buildings were not burned, and circumstances in relation to the burning of

some of the buildings which were burned, tending to connect the respondent with the burning of such buildings. Evidence of that character was received subject to the objection and exception of the respondent.

It will be seen by reference to the testimony which is made a part of the exceptions, that the threats which were permitted to be shown, were quite general in their character, but were none of them directed against the insurance company or George D. Smalley. They were threats of personal violence—that he would have revenge against the parties who had testified in a certain suit, and others of a similar nature. In criminal trials, it is the duty of courts to prevent evidence being given which would support a charge against the respondent of which he was not previously apprised, under the pretext of its affording some presumption as to the offence which is the subject of the indictment. Evidence is not admissible on the part of the prosecution to show the bad character of the party accused, unless he has called witnesses in support of his character. Neither is it admissible to prove a felony which had no connection with or reference to the one that a respondent is being prosecuted for having committed. 1 Phil. Ev. 644, and notes; *State* v. *Lapage*, 57 N. H. 245. But where the character of the particular crime charged against the respondent is to be ascertained from other acts done by him, all of them constituting one entire transaction, it is permissible to prove them all.

The threats proven were not admissible under that rule, because they had no connection with or reference to the burning of the property for which he was being tried. They were not admissible to prove malice, for the reason that they were not made against the parties whose property he was charged with burning. In short, there seems to have been no use that could have been made of the evidence, as having a legal tendency to show that the respondent was guilty of the crime with which he was charged. The question of the admissibility as evidence, of threats of a similar character, was before the court at the last term in Windham County, and it was held that they were not admissible. In *State* v. *Lapage*, 57 N. H. 245, the question as to how far and

State *v.* Smalley.

under what circumstances evidence of previous acts and character is admissible in criminal trials, is fully and ably discussed, and the court held that the prosecution cannot show a tendency or disposition in the prisoner to commit the crime with which he is charged, and cannot give in evidence other criminal acts of the prisoner, unless they are so connected by circumstances with the particular crime in issue as that the proof of them, with their circumstances, has some bearing upon the issue on trial. See, also, 1 Whart. Crim. Law, s. 637 ; *Regina* v. *Oddy*, 4 Eng. Law & Eq. 572 ; *Schaffner* v. *Commonwealth*, 72 Pa. St. 60 ; *State* v. *Renton*, 15 N. H. 174.

We think the evidence that was admitted as tending to show that the respondent had an interest, legal or equitable, in the buildings described in the fourth count, was admissible for that purpose, and there was no error in the admission of that portion of the evidence of Samuel Wells which was objected to. But for the error committed in the admission in evidence of the threats made by the respondent, the exceptions are sustained, verdict set aside, and a new trial granted.