## STATE v. GEORGE LOCKWOOD.

### Criminal Law. Pleading.

1. PLEADING—DEMURRER—LARCENY. It is no cause of demurrer that an indictment contains counts for separate and distinct larcenies.
2. NOLLE PROSEQUI. The nolle prosequi of a count destroys all basis for quashing the indictment for defects in that count.
3. A transposition of the letters e and a in the word "steal," so as to make "stael," does not render a count defective.
4. SEPARATE EXAMINATION OF WITNESS. Under the statute providing for the separate examination of witnesses it was not error to refuse to exclude the sheriff from the court room, who was in attendance upon court as an officer, although he was a material witness ; nor can it be held that it was legal error to put him in charge of the jury; as no injury is shown in consequence.
5. EVIDENCE. It was not error to allow a witness to state "who he understood was referred to " by the respondent when he said that he had "found the tin can of old Johnnie," and that he " supposed it was Johnson."
6. Nor was it error to allow one who was jointly indicted with respondent, and pleaded guilty, to explain why he told a different story at the Court of Inquiry from that he swore to on this trial.

INDICTMENT for larceny. Plea, not guilty. Trial by jury, December Term, 1885, TAFT, J., presiding. Verdict, guilty on the first count, and guilty of petty larceny on the last count.

The state's attorney entered a *nolle prosequi* as to the second and fourth counts; and by leave of court amended the first count by changing the word "*statue*" to " statute."

Before trial the respondent filed a motion to quash, which was overruled. The first count alleged that the respondent * * * "of the value of $10 * * * of one William H. Wheeler then and there * * * did stael, take, etc., * * contrary to the form of the statue,".etc. The second count alleged that the respondent stole $15 worth of goods of one John E. Johnson; the third count, that he stole $7 worth of goods of one Stanley; the fourth count, that he stole $7 worth of goods of one Field, and $2 worth of goods of one

Pierce. The time laid in the first count was September 28, 1885; in the second, September 29, 1885; in the third, September 1, 1885; and in the fourth, June 3, 1885, for both larcenies. The stolen property was sufficiently described in each count, as " one pan of maple sugar," hoe, etc. In each count the word " steal" was written "stael"; and in the first count the word " statute " was written " statue."

The motion to quash was on the grounds (1) that there were four counts in the indictment, each charging a separate and distinct larceny; (2) that the fourth count charges two separate and distinct larcenies.

The respondent moved in arrest, assigning as reasons (1) that counts for grand larceny and petty larceny, each being distinct, were joined; (2) that no crime was charged, as the allegation was " did *stael*"; (3) that the first count concluded " contrary to the form of the *statue*," etc.

*Davis & Enright,* for the respondent.

The motion to quash should have been sustained. The second count was not in the English language. *State* v. *Jericho,* 40 Vt. 121; *Clark* v. *Stoughton,* 18 Vt. 50.

" There can be no such joinder of felonies as to include separate transactions in an indictment." 1 Bish. Cr. Pr. s. 448.

The reason of the rule is that it would confound the prisoner in his defence. *State* v. *Fowler,* 8 Fost. (N. H.) 191; 7 U. S. Dig. 452; 8 Id. 431, 444; 6 Id. 385; *State* v. *Smith,* 8 Blackf. 489; *Engleman* v. *State,* 2 Ind. 91; *Norwell* v. *State,* 50 Ala. 174; *Davis* v. *State,* 57 Ga. 66; *Hilderbrand* v. *State,* 5 Mo. 548; 1 Arch. Cr. Pl. 308.

*J. J. Wilson,* for the State.

The opinion of the court was delivered by

VEAZEY, J. In *State* v. *Smalley,* 50 Vt. 736, this court decided that it was no cause of demurrer that an indictment contains counts for separate and distinct arsons. But where

State *v*. Lockwood.

several offenses are charged in. the same indictment, the general practice is, to compel the State, on the respondent's application, to elect on what counts to go to trial; and such election is a practical abandonment of the rest of the indictment.

There was, therefore, no error in overruling the motion to quash, so far as it stood on the ground that distinct larcenies were charged in the different counts.

The *nolle prosequi* as to the *third* and *fourth* counts destroyed all basis for quashing the indictment as to those counts for any defects therein.

The transposition of the letters *e* and *a* in the word " steal," thereby making the word " stael," did not render the second count defective.

In *State* v. *Hopkins*, 50 Vt. 316, it was held that the statute providing for the separate examination of witnesses was not intended to apply so as to exclude from the court room the necessary officers of the court; that its literal enforcement must be to some extent discretionary with the court. Under the construction thus given to the statute, which we think was sound, there was no error in not excluding from the room during the trial, Lovell, the deputy sheriff who was in attendance upon the court as an officer. Neither can it be held that it was legal error to put him in charge of the jury. No injury is shown in consequence.

It was not error to allow the witness More to state " who he understood was referred to " by " old Johnnie," and that he " supposed it was Johnson." Nor to allow Knights to explain why he told a different story at the court of inquiry from what he swore to on this trial.

We think all these propositions too well settled to warrant discussion. The respondent takes nothing by his exceptions.