STATE *v*. HARRY W. DARLING.

May Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and STAFFORD, JJ.

Opinion filed September 15, 1904.

*Criminal Law—Intoxicating Liquor—Sale Without License— Information—Joinder of Separate Offences—Election— Discretion of Court—Evidence—No. 90, Acts 1902—Fine.*

In a prosecution, under an information consisting of two counts charging two separate offences of the same kind and subject to the

same punishment, whether the State shall be required to elect on which count it will stand, and, if so, at what stage of the trial, is discretionary with the county court.

In a prosecution, under an information consisting of two counts charging two crimes of the same nature, the refusal to require the State to elect on which count it will stand is not an improper exercise of discretion, when it does not appear that there is anything to embarrass the respondent in defending against both charges before the same jury.

The authority given the court by section 68, No. 90, Acts 1902, to impose a fine of "not less than $300," with no limit upwards, is unlimited as to the amount of the fine, except for the minimum requirement.

When, in a prosecution under No. 90, Acts 1902, the information consisting of two counts charging two separate offences of selling intoxicating liquor without a license, the verdict is "guilty on both counts," the respondent is properly fined $600.

Such a record discloses merely the familiar case of conviction of several offences of the same grade, punishable alike, and of the imposition of a sentence within the authority of the court to impose for one of those offences, and does not raise the question of whether cumulative sentence might have been imposed.

When, in a prosecution under No. 90, Acts 1902, the information consists of two counts charging two separate offences of selling intoxicating liquor without a license, the jury are properly instructed to treat each count as a separate accusation, and it is not error to omit to charge that all the evidence in the case should be considered under each count.

Evidence tending to show that two persons went to respondent's place of business for the purpose of buying of him a bottle of whiskey, that when both were there, they asked respondent for a bottle of whiskey, which he procured and handed to one of them who took it and paid for it, tends to show a joint sale.

Under section 68, Acts 1902, each unlawful sale, constitutes an offence and incurs a distinct penalty.

Any person selling liquor without a license is liable to punishment under section 68, Acts 1902, whether the sale is in a town which has voted "License," or in one which has not.

INFORMATION in two counts, under No. 90, Acts 1902, for selling intoxicating liquor without a license. Plea, not

guilty. Trial by jury at the March Term, 1904, Orleans County, *Haselton,* J., presiding. Verdict, "guilty on both counts." Judgment; and sentence that respondent pay a fine of $600 and costs. The respondent excepted.

Each count charged a separate and distinct offence, and each charged a joint sale to T. G. Kaulbeck and W. F. Tasker.

The evidence of the State tended to show that Kaulbeck and Tasker were detectives employed by the State to procure evidence against persons who were unlawfully selling intoxicating liquor; that on each occasion named in the information they went to respondent's place of business, asked him to sell them a bottle of whiskey, which the respondent thereupon procured and handed to one of them who took it and paid for it. The opinion states the case.

*J. W. Redmond* and *Frank E. Miles* for the respondent.

The State should have been required to elect on which count it would stand. It was error to try the respondent for two separate offences in the same proceeding and before the same jury. *State* v. *Smalley,* 50 Vt. 736; *People ex rel Tweed* v. *Liscomb,* 19 Am. Rep. 207; *Gilbert* v. *State,* 65 Ga. 449; *West* v. *People,* 137 Ill. 189; *People* v. *Keefer,* 97 Mich. 15; *People* v. *Rohrer,* 100 Mich. 126; *Bass* v. *State,* 63 Ala. 108; *State* v. *Reel,* 80 N. C. 442; *State* v. *Scott,* 15 S. C. 434; *State* v. *Woodard,* 38 S. C. 353; *Ball* v. *State,* 48 Ark. 94; *State* v. *Skinner,* 8 Pac. Rep. 420; *State* v. *Crimmins,* 2 Pac. Rep. 574; Bish. Crim. Proc. Vol. 1, § 452.

*A. W. Farman,* State's Attorney, for the State.

It was not error to refuse to compel the State to elect on which count it would stand. Clark's Crim. Proc. 293; *Carleton* v. *Com.* 5 Met. 532; *Josslyn* v. *Com.* 6 Met. 236;

*Com.* v. *Castello,* 120 Mass. 358; *Com.* v. *Leach,* 156 Mass. 99.

STAFFORD, J. The respondent was informed against for selling intoxicating liquor without a license. There were two counts, relating to different occasions, and there was evidence in support of each count. When the evidence was all in the respondent moved that the State be required to elect which of the counts it would stand upon and to enter a *nol. pros.* as to the other. The motion was overruled and an exception was taken. The Court submitted to the jury whether the respondent was guilty on either or both of the counts; to which the respondent excepted. The jury having returned a verdict of "guilty on both counts," judgment was entered thereon and sentence imposed that the respondent pay a fine of $600 and costs. "To entering said judgment and imposing said fine" the respondent excepted.

Under these three exceptions the question is now presented, whether the respondent could be legally tried, convicted and sentenced upon the two counts, charging two separate and distinct offences of the same kind and subject to the same punishment. It is admitted that such counts may properly be joined and that no advantage can be taken thereof by demurrer or motion to quash. *State* v. *Smalley,* 50 Vt. 736; *State* v. *Lockwood,* 58 Vt. 378, 3 Atl. 539. Whether the State should be put to its election, and if so at what stage of the trial, are matters for the discretion of the trial court. If the accused will be confounded in his defence or deprived of the protection of legal rules by requiring him to answer both charges before the same jury, the court will not compel it. But the offences may be so related to each other that justice will seem to demand a joint trial, as in *Pointer* v. *U. S.,* 151 U. S. 396, 38 L. Ed. 208, where two

murders were committed by the respondent at the same place, with the same instrument at almost the same time, and in substantially the same circumstances. In that case a verdict of guilty was returned under two counts alleging the different murders, and a death sentence sustained. Although the Act of Congress—R. S. 1024—expressly permitted the joinder of certain offences, the Court said that the statute did not solve the question but left the Court to determine whether in a given case the joinder was consistent with the settled principles of criminal law, and held that in the case before it the joinder was proper. The case is full authority upon the discretion of the trial court as to whether and when the prosecution should be required to elect. Although it does not appear in the present case that the offences were so related as to throw light upon each other, neither does it appear that there was anything to embarrass the respondent in defending against both before the same jury, and there is no reason to question the soundness of the exercise of discretion. There was clearly no error in refusing to require the State to elect, nor in submitting the question of guilt under both counts, nor in rendering judgment and imposing sentence upon the verdict provided the sentence itself was legal. The principal question touching the validity of the sentence is based upon the theory that the fine exceeded the maximum which might be imposed for a single offence, so that there were really cumulative sentences. This assumption is unsupported by the record. Only one judgment and only one sentence was rendered or imposed and the amount of the fine was not greater than might be imposed for one offence. The authority of the court being to impose a fine of not less than three hundred dollars, with no limit upwards, is like the common law authority of the English courts in misdemeanors, unlimited as

to the amount of the fine, except for the minimum require-
ment. The case, then, is the familiar one of a conviction of
several offences of the same grade, punishable alike, and of the
imposition of a sentence within the authority of the court to
impose for a single one of those offences. Even the authori-
ties cited by the respondent recognize the perfect regularity
of such a course. *Tweed's case* itself, *People* v. *Liscomb*, 60
N. Y. 559, 19 Am. Rep. 211, discredited though it is by courts
and text writers, furnishes in its long review of authorities
abundant proof of the soundness of this statement, and no
support for the contention of the respondent. We are not
to be understood as deciding that cumulative sentences may
not be imposed in a case like this but only as pointing out
that the question is not presented by the record.

The jury was properly instructed to treat each count as a
separate accusation.

There was no error in omitting to charge that all the
evidence in the case should be considered under each count.
It was only the evidence applicable to the count, that was to
be considered in determining the respondent's guilt there-
under. If there was evidence applicable to both counts it was
to be considered under each. Such was the substance of the
charge as we read and understand it, although respondent's
counsel seems to regard it otherwise.

There was evidence tending to show a joint sale to the
parties named in the information. The motion to set aside
the verdict was, therefore, properly denied.

The penalty prescribed in Acts of 1902, No. 90, Sec. 68,
relates to all who sell, etc., without a license, whether in license
towns or elsewhere. The argument that it relates only to
violations of the act in towns that have voted license, and
that violations of the act in other towns are punishable only
under Sec. 81, is colorable but not convincing.

We think also that each separate sale or furnishing con-
stitutes an offence and incurs the penalty.    But as we have
already remarked the fine imposed was not greater than might
have been imposed for one offence, and there was but one
judgment and one sentence.

*Judgment that there is no error in the proceedings of the
County Court, and that the respondent take nothing by his
exceptions.    Let a mittimus issue and execution be done.*