# State of Vermont v. Burton Ford Dopp

[ 255 A.2d 186 ]

February Term, 1969

Present: Holden, C.J., Shangraw, Barney, Keyser, JJ., and Daley, C. Supr. J.

Opinion Filed May 5, 1969

*James M. Jeffords,* Attorney General, *Alan W. Cheever,* Assistant Attorney General, and *Philip A. Angell, Jr.,* State's Attorney, for the State.

*Harvey B. Otterman, Jr., Esq.,* for the Defendant.

**Keyser, J.** On December 10, 1968, the State entered a *nolle prosequi* in the case of *State* v. *Dopp,* County Court Docket No. 10,836, an indictment charging the respondent with the crime of manslaughter. The action in that case resulted in an appeal to this Court which is disposed of by an opinion filed concurrenty herewith, 255 A.2d 190. Immediately after that entry was made and the respondent was discharged, the State filed an information against the respondent alleging the same manslaughter charge and four other crimes. The respondent filed a motion to quash the information on five grounds. After hearing the arguments of counsel, the court denied the motion from which ruling the respondent appealed by leave of court.

The first ground of respondent's motion is that when taken together the allegations of the series of acts alleged in the five counts would constitute murder in the first degree as defined in 13 V.S.A. §2301. Further, since punishment for first degree murder is fixed by 13 V.S.A. §2303 is life imprisonment, the state's attorney is without authority to prosecute the respondent by information under 13 V.S.A. §5652.

A charge of murder is sufficient if it alleges "that the respondent did feloniously, wilfully and of his malice aforethought kill and murder the deceased." 13 V.S.A. §2309. But where the charge alleges, "that the respondent did feloniously kill and slay the deceased," it is manslaughter. *Ibid.*

Count I of the information alleges "did feloniously kill and slay Harold Rowe." It follows the language of the statute when charging mansaughter. It sets forth the offense with certainty and particularity, as it must, and leaves no doubt that the crime charged is manslaughter. *State* v. *Chapman,* 126 Vt. 167, 169, 224 A.2d 925.

Counts II and III charge conspiracy to rob two different stores. Counts IV and V charge an attempt to assault with a deadly weapon and being accessory to this attempt.

■ Under 13 V.S.A. §5651 prosecution of crimes punishable by death or life imprisonment are required to be instituted by grand jury indictment. *State* v. *Barr,* 126 Vt. 112, 116, 223 A.2d 462. All others may be prosecuted by a state's attorney's information. 13 V.S.A. §5652. *State* v. *Barr, supra.* Conviction of any one of the crimes in the information charged does not carry the death penalty or imprisonment for life.

■ Clearly, it is within the authority of the state's attorney to join in one information the five crimes alleged. The inclusion of the five counts in one information does not mean as the respondent contends that it "would constitute murder in the first degree." Nor does it mean that for such reason the information will be quashed. 41 Am.Jur.2d, Indictments and Informations. §224.

■ The State conceded here and in the court below that the offenses charged in each of the five counts are separate and distinct crimes; also that a conviction of one would not operate as a bar to prosecution of any of the other crimes set forth in the information. Since an indictment may not be amended in substance, the State nolprossed the indictment so that it could bring the additional four charges against the respondent and present evidence on each separate crime at the time of trial.

The respondent argues that the introduction of such evidence into the case would so impress the jury that it can only result in having a detrimental effect on, and be prejudicial to the respondent. The State argues that "Any prejudicial effect of such a presentation of the facts may be guarded against by proper objections to the evidence." The facts do not support this argument posed by the State.

■ It is well settled that two or more offenses of the same nature and requiring similar punishments may be joined in the same complaint or indictment. *State* v. *Semeraro,* 99 Vt. 275, 277, 131 A. 798. In that case the complaint contained a count for keeping, one for selling, and one for manufacturing intoxicating liquor. The court by Powers, J. said: "If and when the state should be required to elect between the counts so joined are questions addressed to the discretion of the trial court."

Here, it does not appear that the charges made by Counts II to V, inclusive, are of the same nature or contain any essential element of the

more serious charge of manslaughter in Count I. It appears that they are distinct in fact and thus are dependent upon different proof for their substantiation and do not constitute in effect one offense or transaction.

■ If and when the court is confronted by a motion to compel an election by the State, wise judicial discretion must be exercised in passing on such motion. *State* v. *Darling,* 77 Vt. 67, 70, 58 A. 974, 975, *State* v. *Semeraro, supra.* Oppression and protection of the accused from prejudice are critical matters for the court to consider in deciding the motion. 41 Am.Jur.2d, Indictments and Informations, §224.

. In the *Darling* case, *supra,* the respondent was charged with two counts relating to two different occasions of selling intoxicating liquor. On the question of election the court said: "If the accused will be confounded in his defense or deprived of the protection of legal rules by requiring him to answer both charges before the same jury, the court will not compel it. But the offenses may be so related to each other that justice will seem to demand a joint trial * * *."

■ The respondent has the right to request that the State elect upon which count of the information it will proceed with trial. The granting of such right by the court will result in orderly criminal procedure and protect the respondent against the resulting injury which he contends will occur if trial proceeds on all five counts in the information.

In *State* v. *Smalley,* 50 Vt. 736 at page 749, the court held as follows:

"Where several offenses are charged in different counts in the same indictment, the general practice is the same that was adopted in this case—to compel the State, upon application of the respondent, to elect upon which of the counts he is to be tried; and a designation of the count or counts is a practical abandonment of the others. That reserves to a respondent all the rights he would have had if the indictment had contained only the count or counts upon which he is tried."

To the same effect, *State* v. *Lockwood,* 58 Vt. 378, 380, 3 A. 539.

■ The respondent next contends that the conspiracy charges in Counts II and III carry a penalty of life imprisonment and could not be prosecuted by information. These counts charge only a conspiracy

with three other persons with intent to rob as provided by 13 V.S.A. §1401, the penalty for which is imprisonment up to twenty years. It is only when there is an attempt by three or more persons to rob that brings the crime under the provisions of 13 V.S.A. §1402 which carries a penalty of life imprisonment. This ground of respondent's motion is without merit.

The third ground of respondent's motion is that his right to a speedy trial was denied him by refusal of the prosecution to proceed with trial of the manslaughter charge contained in the indictment returned by the grand jury on November 4, 1968. That case is County Court Docket No. 10,836 and was set down for hearing on December 10, 1968, on which date it was nol-prossed by the State. The question that the respondent was denied a speedy trial in that case is improperly urged here and is not for consideration. Our opinion in the indictment case disposed of the appeal in that case. Moreover, undue delay is not shown by the record either in that case or here. The information was filed in this case on December 10, 1968. The court heard and denied the motion and the petitioner appealed to this Court by an interlocutory order of the court below allowing the appeal. This, of course, had the effect of holding the proceeding below until the interlocutory appeal was decided. The petitioner has failed to show just how his constitutional rights have been violated in the respect claimed. See *State v. Mahoney*, 124 Vt. 488, 490, 207 A.2d 143.

By paragraphs IV and V of the motion the respondent makes the broad assertion that the lack of a speedy trial in the indictment case and the filing of the information in this case is a clear harassment of the respondent and an oppressive use of the accusative powers of the State.

The respondent states numerous facts in support of these grounds of his motion, all of which are outside the record of the case. There was no evidence presented at the hearing on the motion to quash. Only arguments of counsel were made so there is a lack of any findings of subordinate facts touching on the issues respondent seeks to raise. This Court is confined to the record and matters outside the record are not considered by us. *Morse* v. *Morse*, 126 Vt. 290, 292, 229 A.2d 228; *State* v. *Rickert*, 124 Vt. 380, 382, 205 A.2d 547. In just what particular manner the respondent has been subjected to a prolonged anxiety or public embarrassment is not made apparent.

In the absence of an affirmative showing to the contrary, we must conclude that the respondent's motion bottomed on the above grounds was properly denied and without error. *Horicon* v. *Langlois,* 115 Vt. 81, 88, 52 A.2d 888.

■ The final ground of the motion is that the State waived its right to proceed by information by previously adopting the grand jury procedure. Respondent has cited no authority to substantiate this proposition.

The indictment returned by the grand jury was manslaughter. Count I of the information is drawn in identical language with the indictment. Since the grand jury did not indict for murder, the respondent, contrary to his belief, has had his rights and liberties protected by the Grand Jury procedure.

As we held in the companion case of *State* v. *Dopp,* the state's attorney possessed the authority to enter a *nolle prosequi* of the indictment. There is no statutory prohibition to the filing of an information containing the same charge. That action terminated the case and permitted the state's attorney to file the information in this case.

"It has long been the law of this State that the state's attorney may, at any stage of a trial before verdict, enter a *nolle prosequi* by permission of the court. * * * And a *nolle prosequi* so entered is not a bar to another indictment or information for the same offense." *State* v. *Deso,* 110 Vt. 1, 10, 11, 1 A:2d 710, 715, citing cases.

■ The burden is on the respondent to prove the waiver claimed but evidence is not present in the record to substantiate it. See *Albertson* v. *Bray Wood Heel Co.,* 113 Vt. 184, 189, 32 A.2d 125.

The motion to quash was properly denied.

*Remanded.*