### State of Vermont v. Terrance Moore

[303 A.2d 141]

No. 95-70
96-70

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 3, 1973

*Patrick J. Leahy*, State's Attorney, *Francis X. Murray*, Deputy State's Attorney, and *Paul D. Jarvis*, Deputy State's Attorney, for the State.

*James J. McNamara, Esq.*, and *John P. Maley, Esq.*, Burlington, for Defendant.

**Shangraw, C.J.** On April 30, 1970, the State's Attorney of Chittenden County issued a complaint alleging that on April 8, 1970, the defendant at Shelburne, Vermont, did then and there wilfully, falsely, deceitfully and feloniously utter and publish as true a forged check, knowing the same to be false and forged with intent to injure and defraud any person or entity that would cash or further negotiate said instrument in violation of 13 V.S.A. § 1802. The check, dated at Shelburne, Vermont, on the 8th day of April, 1970, was drawn on the Chittenden Trust Company, Shelburne Branch, for the sum of One Hundred Seventy-six dollars and twenty-three cents ($176.23). It was payable to the order of Joanne Tudhope, purported to be signed by one Dan Kiley and endorsed by one Joanne Tudhope.

On the same day a further complaint was issued by the State's Attorney of Chittenden County alleging that the de-

fendant, at South Burlington, Vermont, on April 8, 1970, attempted to utter and publish as true a forged check of One Hundred Forty-seven dollars and sixty-two cents ($147.62); and, knowing the same to be false and forged with the intent to defraud the Chittenden Trust Company, did an act toward the commission of the offense, but by reason of being interrupted and prevented he failed in the execution of the same contrary to 13 V.S.A. §§ 9 and 1802. The check was dated April 7, 1970, drawn on the Chittenden Trust Company of Burlington, Vermont, and purportedly signed by Dan Kiley.

Prior to trial, the state moved to consolidate, for purposes of trial, the two offenses charged. In our practice the substance and effect of the motion was that the two cases be simply tried together and each retain their identity,— not consolidated. *Yardley, et al.* v. *Rutland Railroad Co.*, 103 Vt. 182, 186, 153 A. 195 (1931). Over objections of defense counsel the motion was granted. Trial by jury followed resulting in a verdict of guilty on each separate charge.

During trial the defendant moved for a directed verdict of not guilty on both charges. Following the verdict and before judgment, he also moved that the verdicts of the jury be set aside and that judgment be granted in his favor notwithstanding the verdicts of the jury. He also moved in arrest of judgment. Defendant was sentenced to 0 to 5 years in the State Prison on each conviction, to be served concurrently. Defendant has appealed from the orders adjudging defendant guilty on each verdict.

A resume of the essential facts, as revealed by the transcript, presents the following. On the morning of April 8, 1970, defendant and a man named Roy Girouard picked up Lannie Smith at her apartment in Burlington, Vermont. Roy Girouard asked her to cash checks for him. Defendant drove Girouard and Smith to a branch of the Chittenden Trust Company in Shelburne, Vermont. The automobile belonged to the defendant.

Outside the bank defendant gave Smith a check. It was already made out on a check belonging to Kiley, Inc. Dan Kiley's signature was forged. The check was written for the sum of $176.23 and payable to Joanne Tudhope. Kiley Corporation never made the check out to Joanne Tudhope. It had been

stolen from that company. Girouard gave Smith a driver's license belonging to Joanne Tudhope. At the time defendant gave Smith this check, he knew that Smith was not Joanne Tudhope. He had known her for approximately one month as Lannie Smith. She had been in defendant's car on two prior occasions.

Smith entered the Chittenden Trust Company bank at Shelburne and there endorsed the check "Joanne Tudhope." She presented the check described above, and the driver's license of Joanne Tudhope to the teller. The teller gave her $176.23.

Smith then left the bank and walked to where defendant's car was parked. Defendant, Girouard and Smith were all observed to be laughing as Smith got into the car. Smith gave Girouard the $176.23. Girouard gave her $50.00. Girouard then split the remaining $126.23 between himself and the defendant.

Defendant then drove the car away from the bank to the branch office of the Chittenden Trust Company located in the Grand Way Shopping Center on Shelburne Road, South Burlington. Defendant then gave Smith another check written for $147.62. This check also belonged to Kiley, Inc., and was made payable to Joanne Tudhope. It had been stolen, and Dan Kiley's signature was also forged thereon.

Smith entered the South Burlington branch bank of the Chittenden Trust Company and gave the check to the teller who suspected something was wrong, having been advised that Dan Kiley's checks had been stolen. The teller gave the check to his supervisor who began to call the bank's main branch about the check. At this point Smith acted nervous. Defendant came into the bank and asked the teller to give him quarters in exchange for a twenty dollar bill. Smith told the teller and his supervisor that she would go out to the car and get some certificates. Apparently overhearing the conversation between Smith, the teller and supervisor, the defendant told Smith that she should take the check with her. Smith left the bank. Defendant ran out of the bank to his parked car. Smith went to the Shopping Center and was later picked up by the defendant within a matter of minutes. The check was not cashed.

Only five witnesses were called by the State to prove its case: Dan Kiley, Lannie Smith, Joan Meyers, teller at the Shelburne branch bank, Robert Jolley, teller at the South Burlington branch bank, and Polly Lambert, manager of the South Burlington branch bank. Ten exhibits were introduced into evidence—two forged checks and eight photographs taken by a camera at the South Burlington branch bank. These photographs portrayed the defendant and Smith in this branch bank at the same time.

During the course of the court's instructions to the jury concerning the law applicable to the two charges, the court clearly emphasized that there were two distinct complaints. This was brought to the jury's attention at the beginning of the court's instructions and also at the end of its charge. The trial court further emphasized the fact that the jury was required to give a separate verdict on each of the two charges. As submitted, the issues were clearly defined on each charge. The court also gave appropriate instructions as to the required burden of proof in order to justify a conviction on the separate charges. Defendant has briefed no complaint relating to the court's charge to the jury.

On appeal to this Court, the limited issue presented in defendant's brief for review is whether the trial court erred in allowing the two charges to be tried together, and, by so doing, erred in denying defendant's motion to set aside the verdicts.

While there is some authority to the contrary, it is widely recognized that, even in the absence of an enabling statute, a trial court may, in its discretion and despite the objection of the defendant, try together several indictments or informations against the same accused. See Annot., 59 A.L.R.2d 847 (1958), and cases cited.

There appears to be no statutory authority in Vermont indicating that a trial court can try together several informations against the same accused. However, joinder of separate offenses in one trial has been recognized in Vermont. *State* v. *Semeraro*, 99 Vt. 275, 131 A. 798 (1926); *State* v. *Bradley*, 103 Vt. 267, 153 A. 359 (1931); and *State* v. *Dopp*, 127 Vt. 567, 255 A.2d 186 (1969). If and when the court is confronted by a motion to compel an election by the state, wise judicial discretion must be exercised in passing on

such a motion. *State* v. *Darling*, 77 Vt. 67, 70, 58 A. 974, 975 (1904).

Defendant first contends that trying together of the two offenses which allegedly took place at different times and places carries with it an inherent serious danger of prejudice to the defendant. In support of his assignment of error he first cites *Drew* v. *United States*, 331 F.2d 85, 88 (D.C. Cir. 1961), wherein it is stated:

"The justification for a liberal rule on joinder of offenses appears to be the economy of a single trial. The argument against joinder is that the defendant may be prejudiced for one or more of the following reasons: (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. A less tangible, but perhaps equally persuasive, element of prejudice may reside on a latent feeling of hostility engendered by the charging of several crimes as distinct from only one. Thus, in any given case the court must weigh prejudice to the defendant caused by the joinder against the obviously important considerations of economy and expedition in judicial administration."

Citing *Dunaway* v. *United States*, 205 F.2d 23 (D.C. Cir. 1953), the defendant next urges the danger in his case of joining the two charges deprived him of the choice of whether or not to take the stand in his own defense. He urges that prejudice may develop when an accused wishes to testify on one, but not the other offense which is alleged to have taken place at a different time and place.

More specifically, the defendant now claims that he may have desired to explain his presence or lack of presence at the scene of the offenses or to explain his relationship or lack of relationship with the State's witness, Lannie Smith. He asserts that he might have wished to deny the testimony of Mrs. Smith that she cashed and intended to cash the forged

check at his request. By joining the two offenses in one trial, it is claimed that he was denied this possible opportunity.

At no time before or during the trial did the defendant inform the court that he would be embarrassed and confounded if he were to take the stand and testify, nor did he state how he would benefit by testifying in one offense and prejudiced if he testified concerning the other charge.

██ Although prejudice may develop because of joinder of various offenses in a single information or indictment when an accused wishes to testify on one but not the other joined offense, the mere fact that defendant moves to sever counts does not establish such prejudice. Federal Rules of Criminal Procedure, Rule 14, 18 U.S.C.A.; *Blunt* v. *United States,* 404 F.2d 1283, 1289 (D.C. Cir. 1968).

██ Had the defendant decided that he desired to testify only in respect to one of the offenses, it would have been open to him during the trial to renew his motion for severance and demonstrate what actual prejudice he would incur by testifying on the joined offenses. Furthermore, error as to joinder of offenses in one trial may be deemed harmless where it is clear that no prejudice from the joinder could have occurred. *Baker* v. *United States,* 401 F.2d 958, 973 (D.C. Cir. 1968). In the *Baker* case, *supra,* it was held that no need for a severance exists until defendant makes a convincing showing both that he has important testimony to give concerning one count and strong need to refrain from testifying on the other. This he failed to do. Nor are we persuaded that defendant had a legal defense in either case.

Here, the two alleged offenses were of similar character and based on acts constituting a common scheme or plan. The issues were simple and the evidence clear-cut. The offenses were committed in the same manner approximately fifty-five minutes apart. The testimony of Lannie Smith and Dan Kiley was required to prove each offense and the testimony of the other bank employees was merely corroborative. Defendant elected not to take the witness stand nor introduce any evidence by way of a defense.

Common to both of the offenses was defendant's scheme to use Lannie Smith to fraudulently obtain money from two

branch offices of the Chittenden Trust Company by having her pass forged checks which had been stolen. See *Blunt* v. *United States, supra.*

All factors considered, it is our view, and we so hold, that trying the two charges together in one trial, instead of allowing separate trials on each charge, was not prejudicial to the defendant. No error appears.

*Judgment affirmed. Let execution be done.*