LAND, J.
Defendant was indicted on two counts:
(1) For selling and retailing intoxicating liquor, to wit, one point of whisky for $1, without previously obtaining a license from the local authorities.
(2) For unlawfully receiving an order for the purchase of spirituous and intoxicating liquor in prohibition territory, to wit, city of Lake Charles, parish of Calcasieu.
[2] Defendant was duly arraigned and pleaded not guilty. The first bill of exception was taken to the refusal of the judge, after the state had adduced all of its evidence in chief, to grant defendant’s motion for delay in order that he might, through a chemical analysis, demonstrate to the court that the contents of the flask produced by two certain witnesses for the state was not “Old Forester Whisky” as indicated by the marks and labels thereon, and as testified by said witnesses; the purpose being to show that the testimony of these witnesses in relation to the sale of the whisky was untrue.
The motion for delay was refused by the trial judge for the following reasons:
“The state’s two principal witnesses had testified that they bought a bottle of whisky from defendant; that the bottle, which was after-wards offered in .evidence, was the bottle they bought. The bottle was labeled ‘Old Forester Whisky’ and they said that it was ‘-.’ The granting of such a continuance is within the sound discretion of the court, and it occurred to the court that, even if it should appear that the contents of the bottle were not ‘Old Forester Whisky,’ but some other brand of whisky, still it would not overcome the statement that these witnesses bought a bottle of whisky from defendant. The particular brand was immaterial.”
We may add that the bottle may have been so labeled, and yet not have contained that particular brand of whisky. The defendant was charged with selling a pint of whisky. The brand or quality of the liquor was immaterial. On the facts, the issue was whether the defendant had sold, as charged, a bottle of whisky labeled as stated by the witnesses for the state. Defendant testified he had not.
The district judge considered that the indefinite postponement of the trial for the purpose of an analysis was not justified by the relevancy or importance of the fact of quality sought to be proved, and concludes his per curiam as follows:
“The contents might have been other than ‘Old Forester’ and yet the changes have been made prior to the sale.”
The issue was one of credibility, and we agree with our learned Brother below that the brand or quality of the whisky was a fact too remote and inconclusive to justify the indefinite continuance of the trial for the purpose of a chemical analysis.
[1] The second bill was-taken to the refusal of the judge during the trial bf the case to order the district attorney to elect between the two counts of the indictment. The judge ruled correctly that distinct misdemeanors may be charged in separate counts of the same indictment, especially when they are of the same generic class, and, further, that the question was a moot one, as the second count had been disposed of by a nolle prosequi. On the first proposition, see State v. Isaac, 129 La. 124, 55 South. 736, and State v. John, 129 La. 214,. 55 South. 766.
Judgment affirmed.