## UNITED STATES ex rel. SOEDER v. CROSSEN, Supervising Prohibition Agent.

(District Court, E. D. Pennsylvania. April 23, 1920.)

No. 6792.

1. **Intoxicating liquors ☞249—Seizure without search warrant justified only when illegally transported.**

Under the National Prohibition Act, a prohibition officer or agent is justified in seizing intoxicating liquor or other property without a search warrant only as provided in section 26, tit. 2, authorizing such seizure when liquors are found being transported contrary to law.

2. **Intoxicating liquors ☞250—Officer seizing liquor must institute proceeding to determine property rights.**

Under National Prohibition Act, tit. 2, § 25, relative to searches and seizures, and section 33, placing the burden of proof on any possessor of liquor in any action concerning the same to prove that it was lawfully acquired, possessed, and used, an officer seizing liquors under a search warrant must cause appropriate proceedings to be brought to determine whether the liquor has been lawfully possessed, or is liquor as to which no property rights exist.

3. **Constitutional law ☞24—Right to due process not abrogated by Eighteenth Amendment.**

The right to due process of law is not abrogated by the Eighteenth Amendment to the Constitution.

4. **Mandamus ☞154(2)—Petition sufficient to show that liquor claimed by petitioner had been proceeded against by defendant.**

A, petition for a writ of mandamus to require a prohibition agent to cause a summons to be issued, so that the petitioner might assert her rights to liquor seized under a search warrant, *held* sufficient to show prima facie that property claimed by her had been proceeded against by the agent, and that a judgment affecting it might be rendered.

5. **Intoxicating liquors ☞139, 170—Possession by one not using dwelling house for any other purpose lawful.**

Though, under National Prohibition Act, tit. 2, § 25, a dwelling house used in part for some business purpose may be searched for intoxicating liquors, section 33 makes the possession of liquor in one's private dwelling for personal use lawful, though the dwelling is used in part for business purposes, unless the possessor is the person using it for business purposes; and hence a wife's possession is lawful, though her husband is conducting a saloon in part of the premises.

6. **Intoxicating liquors ☞132—Liberal construction of statute does not permit omission of language or unwarranted extension of meaning.**

The liberal construction of the National Prohibition Act, enjoined by section 33, tit. 2, does not justify the court in extending the prohibitive provisions of the act beyond what is plainly stated, nor in omitting language which would change its plain meaning.

Mandamus proceeding by the United States, on the relation of Elizabeth A. Soeder, against Leo A. Crossen, Supervising Prohibition Agent. On rule to show cause why writ of mandamus should not issue. Writ granted.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John M. Hill and M. T. McManus, both of Philadelphia, Pa., for relator.

T. Henry Walnut, Ass't. U. S. Atty., and Charles D. McAvoy, U. S. Atty., both of Philadelphia, Pa., for respondent.

THOMPSON, District Judge. From the petition and return it appears that the petitioner is the wife of George Soeder; that they occupy as their dwelling the premises No. 200 Walnut street, Philadelphia, which premises are used in part by the husband, George Soeder, as a public house or saloon. Two federal prohibition agents, acting under the direction of the respondent, went to the saloon, and, according to their statements, were served with whisky by the relator's husband. Upon the third floor in the part of the house used as a private dwelling, the agents seized a large quantity of intoxicating liquors, which remains in the custody of the respondent.

The relator avers that, prior to July 1, 1919, she became the owner and possessor in her own right of a quantity of gin, whisky, wild cherry, and Lash bitters, included among the liquors seized by the prohibition agents, which she avers she kept in her private dwelling at 200 Walnut street for her own use and for use of bona fide guests when entertained by her therein. She avers that the liquors were not kept for the purpose of sale or dispensation in the saloon conducted by her husband, nor for any other purpose than that set forth above; that the respondent retains the liquor and refuses to redeliver it to her. The relator avers that she is thus deprived of her property without due process of law, and is deprived of remedy by replevin by virtue of the provisions of section 25 of title 2 of the National Prohibition Act (Act Oct. 28, 1919, c. 85), which provides that property seized on a search warrant shall not be taken from the officer seizing the same on any writ of replevin or other like process. She applies for a mandamus commanding the respondent to cause a summons to be issued in due form under the provisions of section 39 of the National Prohibition Act, so that she may be enabled to defend her rights to the liquor claimed by her.

Section 39 provides:

"In all cases wherein the property of any citizen is proceeded against or wherein a judgment affecting it might be rendered, and the citizen *is not the one who in person violated the provisions of the law*, summons must be issued in due form and served personally, if said person is to be found within the jurisdiction of the court."

It is claimed on behalf of the respondent that the relator does not come within the provisions of section 39, because the petition does not show that the relator is "not the one who in person violated the provisions of the law." The pertinent sections of title 2, in relation to possession of intoxicating liquor, are sections 3, 25, and 33.

Section 3 provides that no person shall, on or after the date when the Eighteenth Amendment to the Constitution goes into effect, possess any intoxicating liquor, except as authorized in the act, and all

the provisions of the act shall be liberally construed, to the end that the use of intoxicating liquor as a beverage may be prevented.

Section 25 provides that it shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating the title, and 'no property rights shall exist in any such liquor or property. It provides for the issue of a search warrant, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order. No search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house. The term "private dwelling" shall be construed to include the room or rooms used and occupied, not transiently, but solely as a residence in, an apartment house, hotel, or boarding house. The property seized on any such warrant shall not be taken from the officer seizing the same on any writ of replevin or other like process.

Section 33 makes the possession of liquors by any one not legally permitted under title 2 to possess liquor prima facie evidence that it is kept for the purpose of sale, barter, exchange, gift, or other disposition in violation of the act, and requires every person legally permitted to have liquor to report to the commissioner the kind and amount of intoxicating liquor in his possession. It further provides:

"But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported: Provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

Upon a search warrant duly issued upon sufficient information supported by affidavit in accordance with title 11 of the Act of June 15, 1917, c. 30, 40 Stat. 228 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212i, 10496¼a–10496¼v), the premises in question, although a private dwelling, occupied as such, might be lawfully searched, either upon the ground that it appeared from the affidavit that it was being used for the unlawful sale of intoxicating liquor or because it was in part used by the relator's husband in conducting a saloon.

Assuming that a search warrant was so issued upon proper affidavit, the seizure of the liquor in its containers was lawful, and the inquiry then is: What further proceeding is required under the provisions of the act to require a summons to be issued to bring in a citizen who "is not the one who in person violated the provisions of the law," in order to enable such citizen to defend his claim in a case wherein the property of such citizen is proceeded against, or wherein a judgment affecting it might be rendered?

[1] A careful analysis of the act makes it apparent that in no case is a prohibition officer or agent justified in seizing intoxicating liquor or other property without a search warrant, except as provided in section 26, which makes it his duty to seize all intoxicating liquors found being transported contrary to law in any wagon, buggy, automobile, water or air craft, or other vehicle. Upon seizure in either case, however, the act contemplates a remedy by orderly process of law for the disposition of the intoxicating liquor seized.

[2, 3] Intoxicating liquor seized under a warrant may either be liquor as to which no property rights exist under section 25, or it may be liquor that has been lawfully possessed. There must be a determination of questions of fact, and the application of the law to the facts, if there is a claim of lawful possession. When an officer seizes intoxicating liquors, it is not intended that he shall constitute the tribunal to determine those questions of fact nor of law.

The right to due process of law is not abrogated by the Eighteenth Amendment. If the officer proceeds by search warrant to seize articles in which a citizen may or may not have property, the intent of the act must necessarily be that he shall take such other appropriate proceedings as in due course of law follow seizure; and that is clearly indicated throughout the entire act. It is not necessary for the purposes of the present question to examine other sections than section 25, under which the seizure was had, and section 33, under which the respondent claims property in the liquor seized. Section 25 provides that the liquor so seized shall be subject to such disposition as the court may make thereof, and, if it is found to be unlawfully held or possessed or used, it shall be destroyed, unless the court shall otherwise order, and, under section 33, the burden of proof is placed upon the possessor in any action to prove that the liquor was lawfully acquired, possessed, and used. It is plain, therefore, that the intent of Congress as expressed in the act is that the officer making seizure shall cause appropriate proceedings to be brought in a court having jurisdiction, in order that claimants may have their day in court for the hearing and determination of the property rights in the liquor seized. If it appears to the officer, through the claim of a citizen or otherwise, that a judgment affecting the liquor seized might be rendered and that a citizen has claimed property in such liquor, a summons must be issued and served requiring such person to appear as claimant.

[4] The facts stated in the relator's petition are sufficient to show prima facie that property she claims as hers has been proceeded against and that a judgment affecting it may be rendered. It must further appear that she is not the one who in person violated the provisions of the law, if the respondent is to be required to summon the relator to appear and establish her claim to the liquor seized as her property.

[5] Section 33 makes it lawful to possess liquors in one's private dwelling while the same is occupied and used *by him* as *his* dwelling only and such liquors need not be reported, subject to the provisions

concerning the use of the liquor and the burden of proof. The exception to unlawful possession applies, therefore, to the one possessing in one's private dwelling while the same is occupied and used by that one as that one's dwelling only; but any other person, while the dwelling is used and occupied by him not as his dwelling only, but for other purposes, is not included in the exception, and liquor possessed by him in his dwelling is unlawfully possessed and must be reported to the commissioner. I think that is the plain effect of the words "used by him as his dwelling only." A comparison of the paragraph of section 25 prohibiting search warrants to search private dwellings lends weight to that conclusion. It is there provided that no search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless *it is in part used* for some business purpose, such as a store, shop, saloon, restaurant, hotel, or boarding house. It is significant that the language of section 33 applies to the *person* occupying and using a private dwelling as a dwelling only, while the search warrant provision in section 25 applies to the *dwelling* occupied as a private dwelling, and exempts such dwelling from search, unless it is being used for the unlawful sale of intoxicating liquors, or unless *"it* is in part used for some business purpose," etc., so that any private dwelling which is used in part for some business purpose is subject to search. If it were intended that it should be unlawful for any one to possess liquors in one's private dwelling, which is in part used for some business purpose, Congress would not, in expressing that intent, have made use of the personal pronoun in the language "occupied and used *by him* as *his* dwelling only," and the intent would have been clearly expressed by using the language "while the same is occupied and used as a dwelling only." The conclusion is, in my judgment, unavoidable, therefore, that the clear effect of the words "by him" and "his" is to make possession in a private dwelling lawful as to any one except the person who is occupying and using the dwelling for other purposes than as a dwelling.

[8] It follows that the relator in her petition has established a prima facie right to own and possess liquors in the premises in question, because she was not using the premises for the purpose of conducting the saloon, but they were occupied by her as her dwelling only. This conclusion is arrived at with some reluctance, because of the provisions of section 3 which prohibit possession except as authorized in the act, and provide for a liberal construction of all its provisions, to the end that the use of intoxicating liquor as a beverage may be prevented. Liberal construction, however, does not justify the court in extending the prohibitive provisions of the act beyond what is plainly stated, nor omitting language which would change its plain meaning. Section 3 prohibits possession "except as authorized in this act." Section 33 contains one of the exceptions authorized. Congress has made this exception apply to any one possessing liquor in a private dwelling while used and occupied by him (or her) as his

(or her) dwelling only, and it is not the province of the court to diminish the authority of Congress, so as to make the language read:

"But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used as a dwelling only."

That is what the construction contended for by the district attorney would lead to. In a case such as the case at bar, where the dwelling is used and occupied by the husband in part as a saloon, the construction adopted will no doubt render the enforcement of the act more difficult than if it were to be construed as is contended for by the district attorney. If, however, that construction were adopted, it would render it unlawful for any person to possess liquors in his private dwelling, if another person were using the dwelling in part for a store, whether it were a stationery store, candy store, millinery store, or store of any other sort.

I think the plain intent of the act is that the person using his or her dwelling for business purposes is not to be permitted to have in possession a stock of liquors which he might barter and sell under cover of that business, but that any other person using the dwelling as provided in the act may lawfully possess liquors for use only for the personal consumption of the owner of the liquors and his family residing in such dwelling and of his bona fide guests when entertained therein.

An order will be entered for a writ of mandamus, unless the respondent shall within 10 days proceed against the liquors claimed by the relator and cause a summons to be issued in due form and served in accordance with the provisions of section 39.