## UNITED STATES v. MAAG.

(District Court, E. D. Pennsylvania.   February 26, 1923.)

### No. 101.

**1. Intoxicating liquors ⬤⟹139—Possession on premises used partly or exclusively as saloon unlawful.**

> Under the National Prohibition Act, unless one holds a permit, it is unlawful to have intoxicating liquor in his possession on premises used partly as a saloon and partly as a dwelling, or used exclusively as a saloon.

**2. Intoxicating liquors ⬤⟹139—Possession on premises used exclusively as dwelling not unlawful.**

> The National Prohibition Act does not restrain possession of intoxicating liquor for one's own use or for the entertainment of his family and friends on premises used exclusively as a dwelling.

**3. Criminal law ⬤⟹400(2)—Testimony of witnesses executing search warrant admissible, notwithstanding contention that inventory was best evidence.**

> Where witnesses executing a search warrant made an inventory to be returned with the warrant, their testimony that they found liquor on the premises was admissible, notwithstanding the contention that the inventory was the best evidence.

George Maag was convicted of possessing intoxicating liquor and maintaining a nuisance. On motion for a new trial. Motion denied.

George W. Coles, U. S. Dist. Atty., and Robert V. Bolger, both of Philadelphia, Pa., for the United States.

Lincoln L. Eyre, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The defendant was brought to trial upon an indictment containing four counts. The first count charged him, on April 21, 1920, with selling intoxicating liquor, to wit, whisky. The second count charged him, on the same day, with maintaining a common nuisance at a saloon at the corner of Allegheny avenue and Richmond street, Philadelphia, where intoxicating liquor, to wit, whisky, was sold and kept. The third count charged him, on May 4, 1920, with unlawfully possessing intoxicating liquor, to wit, whisky, alcohol, cognac, and miscellaneous wines and brandies; and the fourth count, on the same day, with maintaining a common nuisance at the saloon at the southwest corner of Allegheny avenue and Richmond street, Philadelphia, where intoxicating liquor, to wit, whisky, alcohol, wines, and brandies, was kept.

The jury disagreed upon the first and second counts, and returned a verdict of guilty upon the third and fourth counts. The defendant moves for a new trial. The conviction is upon the charge of unlawfully possessing intoxicating liquor fit for use for beverage purposes, and of maintaining a nuisance by reason of such possession. There was ample evidence to establish the fact of possession of intoxicating liquors in the cellar of the defendant's premises, and in the upper part thereof, which was used as a private dwelling occupied by the defendant and his family.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1, 2] The defendant denied knowledge of the liquor contained in the cellar, and testified that what was found in his possession upon the upper floors of the building belonged to him, and was kept there for the use of himself, his family, and their guests. Counsel for the defendant bases his principal reason for a new trial upon the following language in the charge to the jury:

"It is unlawful for a man who is conducting a saloon in the same building occupied in part as a dwelling, or occupied exclusively as a saloon, to have any intoxicating liquors in his possession on those premises. Under the National Prohibition Act (41 Stat. 305), an individual is not restricted from having intoxicating liquors in his dwelling. He may lawfully have it there for the purpose of entertaining his friends, his family, or for his own use; but, when the premises are occupied by him in whole or in part as a saloon, it is expressly made unlawful to have liquor in his possession on those premises.

"The reason for that provision of law is very apparent, if sales of intoxicating liquors in' saloons are to be prevented. It is very obvious that. the possession of them on the premises, where the sales of nonintoxicating liquors are being made, would open the door to clandestine sales, and to sales in violation of the law. Consequently Congress has provided that, except under conditions where a man holds a permit for the sale of intoxicating liquors, he is not permitted to have them on his premises, where he is conducting a saloon, even if it is in a part of the premises occupied as a dwelling house. Under these circumstances, on affidavit, through the United States commissioner or other officer, a search warrant may be issued and a man's property searched."

The language above quoted in the charge expresses the conclusion reached in the opinion in the case of United States ex rel. Soeder v. Crossen (D. C.) 264 Fed. 459, and I see no reason to change that conclusion.

[3] It is contended on the part of the defendant that the testimony of the witnesses as to liquor found on the premises while executing a search warrant was not the best evidence of what was found there; the contention being that the search warrant and inventory would be the best evidence. I cannot agree with this contention. The direct testimony of the witnesses could not be excluded, upon the ground that at the time they entered the premises and found the liquor they made an inventory, to be returned with the search warrant. The witnesses might have been permitted to use the inventory to refresh their recollection of what they found; but, as they were able to testify from memory, they did so.

I perceive no substantial error in the charge, or the admissions of testimony, and the motion for a new trial is therefore denied.