STATE v. LOUIS SEMERARO.

October Term, 1925.

Present:    WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 6, 1926.

*Indictment and Information—Joinder of Counts—Electing Between Several Counts—Harmless Error—Possession of Liquor for Medicinal Purposes.*

1.  Two or more offenses of the same nature and requiring similar punishments may be joined in the same complaint or indictment.

2.  In a criminal prosecution, under No. 204, Acts 1921, where complaint contained a count for keeping, one for selling, and one for manufacturing intoxicating liquor, if and when the State should be required to elect between counts so joined were questions addressed to discretion of trial court.

3. In such prosecution, error, if any, in refusing respondent's motion that State elect on which count it would go to trial, was harmless, where, at close of evidence in behalf of State, trial court granted respondent's motion for a verdict on the counts for manufacturing and selling, on the ground that there was no evidence tending to establish charges therein made, and respondent was convicted for illegal possession only, as mere presence of such counts in the complaint, utterly unsupported by any evidence, could not have prejudiced the respondent.

4. In prosecution under No. 204, Acts 1921, for illegal possession of intoxicating liquor, respondent's offer to show that liquor found was made for medicinal purposes, that when brewed it was of. less than ½ of 1% alcohol, but had become "strong," could not be used by him for that reason, and was awaiting destruction, held properly excluded, in that it did not also include offer to show that permit to keep such liquor had been obtained as required under National Prohibition Act (Comp. St. Ann. Supp., 1923, § 10138¼ et seq.), such permit being necessary to lawful possession where respondent occupied part of premises as a dwelling and part for commercial purposes.

COMPLAINT for illegal keeping, selling, and possession of intoxicating liquor. Plea, not guilty. Trial by jury in Brattleboro municipal court, Arthur P. Carpenter, Municipal Judge. Verdict of guilty of possessing intoxicating liquor without authority, and judgment thereon. The respondent excepted. The opinion states the case. Affirmed.

Charles S. Chase and M. P. Maurice for the respondent.

Court erred in allowing State to try respondent upon three counts charging three separate and distinct offenses. State v. Smalley, 50 Vt. 736; State v. Lockwood, 58 Vt. 378.

Court erroneously excluded evidence that liquor found was for medicinal purposes, use of word "beverage" in Eighteenth Amendment to United States Constitution, distinguishing act of drinking liquor for pleasure from its use for medicinal purposes. Commonwealth v. Mandeville, 142 Mass. 469, 8 N. E. 327; Gue v. City of Eugene, 53 Ore. 282, 100 Pac. 254; State v. Kezer, 74 Vt. 50: State v. Krinski, 78 Vt. 162; Ricketts v. Commonwealth

(Ky.), 247 S. W. 731; *Crabbs* v. *State* (Ind.), 139 N. E. 180; *State* v. *Desmarris* (N. H.), 123 Atl. 582; *Williams* v. *State* (Tex.), 235 S. W. 1092; *United States* v. *Illig*, 288 Fed. 939, 945.

*Arthur V. D. Piper*, State's attorney, for the State.

Respondent's motions as to sufficiency of information, joinder of counts, and multiplicity of offenses were properly overruled. *State* v. *Lockwood*, 58 Vt. 378, 3 Atl. 539; 31 C. J. 785, § 352 (c), and cases cited.

Granting or refusal of motion to compel State to elect as to which of several counts it will proceed under, rests in legal discretion of trial court. 31 C. J. 790, § 361 (3), and cases cited. *State* v. *Smith*, 22 Vt. 74; *State* v. *Darling*, 77 Vt. 67, 58 Atl. 974.

POWERS, J. The respondent was convicted in the Brattleboro municipal court of the illegal possession of intoxicating liquor. The State's attorney's complaint under which he was tried contained three counts: One for keeping; one for selling; and one for manufacturing. The respondent demurred to this complaint, and when his demurrer was overruled, he moved that the State be required to elect the count on which it would go to trial. This motion was denied, and the respondent excepted. The respondent offered in evidence certain matters of defense which were rejected, and to this, he excepted. So the two questions for our consideration are: (1) Was the court in error in refusing to require the State to elect? (2) Was the court in error in excluding the evidence offered by the respondent.?

[1-3] 1. It is well settled that two or more offenses of the same nature and requiring similar punishments may be joined in the same complaint or indictment. *State* v. *Smalley*, 50 Vt. 736; *State* v. *Lockwood*, 58 Vt. 378, 3 Atl. 539; *State* v. *Darling*, 77 Vt. 67, 58 Atl. 974; *State* v. *Mancuso*, 136 La. 910, 67 So. 955; *Tillery* v. *State*, 10 Lea (Tenn.) 35; *Myrick* v. *State*, 20 Ala. App. 18, 100 So. 455. If and when the State should be required to elect between the counts so joined are questions addressed to the discretion of the trial court. All this is sufficiently shown by *State* v. *Darling*, *supra*. But, if this was not so, the exception here could avail the respondent nothing; for it appears from the record that, at the close of the evidence in behalf of the State, the respondent moved for a verdict on the counts for manufac-

turing and selling, on the ground that there was no evidence tending to establish the charges therein made, and that this motion was granted. So, if there was error in the ruling under discussion, it was harmless. The mere presence of the second and third counts in the complaint, utterly unsupported by any evidence, could not have prejudiced the respondent.

[4]  2.  It appeared at the trial that on March 16, 1925, officers searched the respondent's premises in Brattleboro and there found four quart bottles of so-called "home brew," which by analysis showed an alcoholic content of from 4.1 to 6.4 per cent. The officers also found on the stove in the respondent's tenement over his store, a wash-boiler containing a steaming liquid, which showed an alcoholic content of less than one-half of one per cent. Giving the offer hereinbefore referred to the most liberal interpretation of which it is reasonably susceptible, it amounted to this: The respondent was suffering from a stomach trouble, for the alleviation of which a reputable doctor prescribed the use of a light beer; that the contents of the wash-boiler was being made for this use; that when brewed, it was of less than one-half of one per cent. alcohol; that as it aged, the percentage of alcohol increased until it exceeded the lawful limit; that when it became "strong," as counsel put it, the respondent could not use it as above, and he destroyed it; that the contents of the bottles was made for this medicinal purpose, but had become "strong" and unfit for the respondent's use, and was, when found and seized, awaiting destruction, merely.

The prosecution is under the law of this State. That law is found in No. 204, Acts of 1921, which, as is shown by its first section, was passed not alone as an exercise of the power granted by the Eighteenth Amendment to the Federal Constitution, but also as an exercise of the police power of the State that the welfare, health, peace, safety, and morals of the people might be protected. By it, we are expressly admonished to give it a liberal construction for the accomplishment of that purpose and to the end that the use of intoxicating liquor as a beverage may be prevented. An examination of the act discloses that, unlike some of the State enactments, it is not a "bone dry" law, it does not absolutely and unconditionally prohibit the possession of intoxicating liquors. By section 4, it is provided that no person "shall * * * possess any intoxicating liquor except as authorized in this act," and "except * * * liquor * * * for non-

beverage purposes * * * may be * * * possessed, but only as provided by or under the laws of the United States. * * *'' So far as the specific exceptions made in this act are concerned, it is enough here to say that they do not cover the liquor in question. The respondent, therefore, must find his defense, if he has one, in the National Prohibition Law, usually spoken of as the Volstead Act (U. S. Comp. St. Ann. Supp. 1923, § 10138¼ *et seq.*).

In view of the argument, it is proper for us to say in passing that it is now established beyond question that a state may, in the exercise of its police power, enact a bone dry law—one that makes it unlawful to possess intoxicating liquor without regard to time, place, or circumstance. *Crane* v. *Campbell,* 245 U. S. 304, 62 L. ed. 304, 33 Sup. Ct. 98; *Samuels* v. *McCurdy,* 267 U. S. 188, 69 L. ed. 568, 45 Sup. Ct. 264, 37 A. L. R. 1398. This results from the noxious qualities of the prohibited article, the extraordinary evils consequent upon its use, and the notorious difficulties attending the enforcement of laws for the suppression of the traffic therein. That Congress could go as far, can be safely assumed. *Massey* v. *U. S.* (C. C. A.), 281 Fed. 293; Blakemore on Prohibition, 226; McFadden on Prohibition, 6, 312.

But, however, this may be, the question here is not what Congress may do, but what it has done. Turning to the Volstead Act, we find that it is not every possession of intoxicating liquor that is prohibited. Section 3 (U. S. Comp. St. Ann. Supp. 1923, § 10138½aa) provides that no person should, after the date specified, possess any intoxicating liquor, "except as authorized in this act.'' It also provides that liquor for non-beverage purposes may be possessed, but "only as herein provided''; and that the Commissioner of Internal Revenue "may, upon application, issue permits therefor.'' So the question here simmers down to this: Did this respondent require a permit to make his possession of this liquor lawful? This question must be answered in the affirmative. Section 33 of the Volstead Act (U. S. Comp. St. Ann. Supp. 1923, § 10138½t) contains this provision: "But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, and such liquor need not be reported. * * *'' As applied to this case, the effect of these provisions taken together is this: The mere possession of intoxicating liquor in one's dwelling-

house is not unlawful, unless he occupies some part of it for other purposes. But when, as here, the respondent occupies a part of the premises as a dwelling and a part for commercial purposes, he must show a permit from the commissioner to make his possession lawful. *United States* v. *Maag* (D. C.), 287 Fed. 356; *United States ex rel. Solder* v. *Crossen* (D. C.), 264 Fed. 459; McFadden, 315. It follows that the respondent's offer did not go far enough to make a defense, and was properly rejected.

*Judgment that there is no error in the record, and that the respondent takes nothing by his exceptions. Let execution be done.*