In re TROY PURE FOOD PRODUCTS CO., Inc.

(District Court, N. D. New York. September 14, 1926.)

1. Intoxicating liquors ⟐256—Searches and seizures ⟐5—Motion in court where no suit is pending is not proper procedure to obtain return of property unlawfully seized, but remedy is by mandamus to compel institution of libel proceedings (Comp. St. § 10138¼ et seq.).

Where property has been unlawfully seized, without a search warrant, for violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.), and no criminal action is brought, the appropriate remedy of claimant is not a motion in court for return of the property but by petition for mandamus to compel institution of libel proceedings, in which his rights may be determined.

2. Intoxicating liquors ⟐250—Action of prohibition administrator in returning property seized by his agents held not to prevent forfeiture proceedings.

Decision of a prohibition administrator in proceedings for revocation of a permit after seizure of property of the permittee by his agents, that there had been no violation of law, and directing return of the property, is not binding on a court, and does not prevent a libel for forfeiture by the district attorney.

3. Quære?

Whether action of prohibition administrator in returning liquors while court proceeding for their return is pending, is contempt of court—quære.

At Law. In the matter of the application of the Troy Pure Food Products Company, Inc., for an order directing return of certain real estate and personal property seized by prohibition agents. Denied.

M. William Bray, of Utica, N. Y., Donald P. Gorman, of Syracuse, N. Y., and Roscoe Irwin, of Albany, N. Y., for petitioner.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y.

COOPER, District Judge. This is a motion by the Troy Pure Food Products Company for an order directing the federal prohibition administrator to deliver to the said company certain malt liquors, beer manufacturing implements, and other personal property seized by prohibition agents in the

brewery occupied by the said company in the city of Troy, N. Y., and also for the return of the said brewery premises.

The prohibition agents, on or about June 16, 1926, seized the premises and the personal property therein contained without a search warrant, claiming that the law was to their personal knowledge being violated by the claimant company at that time. On July 1, 1926, the said company made this motion for the return of the real and personal property, asserting that it was the holder of a permit for the manufacture of cereal beverages, which was in effect and unrevoked, and that it had not violated the law, and that the seizure was unlawful in all respects.

The United States attorney opposed the motion and presented opposing affidavits by the prohibition agents who made the seizure, showing, if true, that the said company was caught in the very act of violating the law and the regulations thereunder. The United States attorney also raised the question that a motion was not the appropriate procedure to obtain the relief sought and that the said company was not properly in court. He also contended that the court should in these proceedings order the destruction of the liquids and other personal property seized.

Decision was reserved and the matter was held open to enable the respective counsel to submit briefs as to whether the motion was an appropriate proceeding to obtain the relief sought, the court intimating that, if it decided that the proceeding was appropriate, in view of such a conflict of fact as was disclosed by the affidavits, it would need to take proof to determine whether or not the law was being violated and the seizure was legal. The court also stated that the detention of the real property for any considerable time was clearly illegal.

Counsel for the Troy Pure Food Products Company submitted no brief on the law, and after the lapse of some weeks the court further requested the counsel for claimant company to submit its brief, but none was submitted until about September 10th, when the counsel for claimant company submitted a memorandum containing the following:

"The petitioner submits for the information of the court that the revocation proceedings taken under section 9 of the National Prohibition Act were decided in favor of the petitioner, and order made by the federal prohibition administrator of this district on September 7, 1926, ordering a dismissal of the revocation proceedings and the citation issued thereon, and order was also made by the administrator for the removal of the agents of said administrator from the permit premises of the petitioner."

The final statement in this brief or memorandum reads as follows:

"The federal prohibition administrator determined the revocation proceedings in favor of the permittee, holding in effect that there was no violation of the National Prohibition Law or the regulation on the part of said permittee, the petitioner therein, and it follows that there is no proper cause for a libel proceeding, or any other proceeding against the petitioner, his agents, or servants herein."

It thus appears that, while the matter was thus pending in court, revocation proceedings were begun and carried on to completion by the federal prohibition administrator and his counsel, who is not the United States attorney, said prohibition administrator being a branch of the administrative or executive branch of the government, and that following that decision the prohibition administrator, apparently without notice to the United States attorney and certainly without application to the court, promptly withdrew his agents from the custody of the personal property and the brewery premises, and surrendered and returned the same to the said claimant, the Troy Pure Food Products Company. In effect, therefore, the prohibition administration has ousted the court from jurisdiction over the matter pending before it, and has given the Troy Pure Food Products Company the very relief which it sought from the court. It is not altogether clear but that such conduct borders on contempt of court.

While it is exclusively the function of the prohibition administrator or his subordinates to grant and revoke in the first instance permits to manufacture cereal beverages, it would not seem to be an appropriate exercise of his functions, without notice or knowledge of the court, to change the status of the real and personal property thus seized, after the jurisdiction of the court had been invoked to determine the legality of the seizure, and, if illegal, to order the return of the property seized; the same being constructively in the custody of the court.

[1] Counsel for the claimant brewery urges in his memorandum of September 10th that libel is the appropriate proceeding for determining the legality of seizures made without search warrant and for ordering the destruction thereof. With this the court is inclined to agree, and where, as here, the United States attorney unduly delays the commencement of the libel proceeding, the appropriate remedy for the one claiming that his property was unlawfully seized without search warrant for

violation of the Prohibition Law, and where there is apparently no criminal action pending, and even if, perhaps, there be search warrant, is for the claimant to seek mandamus of the court, compelling the United States attorney to institute a libel proceeding, rather than by a mere motion as in the case at bar. See United States ex rel. Soeder v. Crossen (D. C.) 264 F. 459.

[2, 3] The United States attorney should not have contented himself with opposing such motion after it was made, but should, of his own motion, have brought libel proceedings, or have consented to the granting of the order sought. The contention by claimant company that, because the prohibition administrator, an executive officer, had decided not to revoke the permit, "no libel proceeding, or any other proceeding," would lie, is without merit. Libel proceedings against the seized property and criminal proceedings against the claimant, and other persons arrested, charged with violation of the law, may still be brought and prosecuted. There would probably be difficulty in establishing the identity of the liquids, which might be found after a successful outcome of the libel proceedings, or even seized by the marshal at the commencement of such proceedings, with those which were seized on June 16th and surrendered by the prohibition authorities after the determination of the proceedings to revoke the permit, but it is probable that the other personal property used in the manufacture of the beverage could still be identified and be subject to the order of the court.

Of course, the criminal proceedings are not affected in any way. The action of the prohibition administrator, with his limited power of subpœna, in finding that cause for the revocation of the permit had not been established by such evidence as he could procure in the proceedings before him or his subordinates, is not binding or controlling in a libel proceeding or criminal proceeding in the court. Not only is the action or decision in no wise controlling, but it is not even competent evidence in such proceedings, at least not competent in any aspect, except possibly as an admission, or impeaching evidence of the prohibition administrator's subordinate, who is called the hearing judge, or of the administrator himself, if he approved the findings of the hearing judge, if either were called as witnesses by the government; but the possibility of such persons being called as witnesses is so slight that it may be disregarded.

In view of the fact that, by the action of the federal prohibition administrator the res has been in substance removed from the jurisdiction of the court, and of the other fact that mandamus would seem to be the proper remedy under such circumstances as exist in the case at bar, the motion of the claimant is denied.