STATE *v.* JOHN FRANZONI.

May Term, 1926.

Present:  POWERS, SLACK, and FISH, JJ., and MOULTON and CHASE,
Supr. JJ.

Opinion filed May 25, 1927.

*Indictment and Information—Election Between Counts—Dis-
cretion of Court—Insufficiency of Evidence To Support
Charge of Lewdness under Acts 1919, No. 199, § 2.*

1.  Where information charged in separate counts respectively two
offenses of same nature and requiring similar punishment,
motion of respondent to elect between counts was addressed to
court's discretion, and denial of motion did not constitute re-
versible error.

2.  In prosecution under Acts 1919, No. 199, § 2, for lewdness, *held*
that evidence was insufficient to support charge in informa-
tion, in view of fact that statute deals only with lewdness
which is "open and gross," and that court erred in refusing
respondent's motion for a directed verdict.

INFORMATION under Acts 1919, No. 199, § 2, for lewdness.
Plea, not guilty.   Trial by jury in Rutland city court.   *Clayton
H. Kinney,* City Judge, presiding.   Verdict of guilty.   Sentence

and execution stayed, and cause passed to Supreme Court on respondent's exception. The opinion states the case. *Reversed and respondent discharged.*

*Lawrence, Stafford & Bloomer* for the respondent.

*Lawrence E. Jones,* State's attorney, for the State.

CHASE, Supr. J.    After spending part of the evening riding in and around Rutland with three girls and two other men, the respondent and one of the men, named Poalucci, started to take one of the girls to her home in North Clarendon in the respondent's automobile.    The respondent rode with the girl on the back seat.    Poalucci drove the car.    Their way led past the entrance to the fair grounds in Rutland.    When they were opposite this entrance Poalucci drove in and parked the car near the grandstand.    He then went onto the grandstand with the girl, where they were alone and out of sight for about three-quarters of an hour while they attempted to have sexual intercourse.    The respondent remained with the automobile.    When Poalucci and the girl returned to the car, the respondent took hold of her arm and invited her to go onto the grandstand with him.    She refused and was supported in her refusal by Poalucci.    Thereupon, the two men took the girl to a point near her home in North Clarendon and left her.

There is nothing in the case to show any improper conduct during the evening before Poalucci drove into the fair grounds, or that the respondent knew, or had any reason to believe, that Poalucci was going to drive in there until he actually did drive in.

At his trial by jury in the Rutland City court upon an information filed by the State's attorney charging a violation of the provisions of No. 199 of the Acts of 1919 entitled "An Act Relating to Prostitution," the respondent was convicted.

This information changed in one count that the respondent did aid and abet prostitution, lewdness, and assignation; and in another that he did transport a person named with reasonable cause to know that the purpose of such transportation was prostitution, lewdness, and assignation.

Before the jury was impaneled, the respondent moved "that the State designate the claim which the State makes under No.

199 of the Acts of 1919 and as to whether the State claims that the respondent did direct, take, transport, offer or agree to take. * * * * for the purpose of prostitution or lewdness or assignation.'' This motion was overruled and an exception allowed. At the close of his evidence, the State's attorney abandoned all but that portion of the information which related to lewdness. The respondent then renewed his motion above mentioned and insisted that the State's attorney should be required to state whether he claimed that the respondent transported, or aided and abetted in transporting, with reasonable cause to know that the purpose of such transportation was lewdness. The ruling again being against him, the respondent was allowed an exception. He then moved for a directed verdict, and, when it was denied, took an exception and rested.

[1] The exceptions allowed when the motion to elect was first made and when it was renewed are valueless. *State* v. *Semeraro,* 99 Vt. 275, 131 Atl. 798, and cases there cited.

[2] It was error, however, to refuse to grant the motion for a directed verdict. At the time it was made nothing was left of the charge in the information except that relating to lewdness. The statute under which this action was brought deals only with lewdness which is ''open and gross.'' No. 199, Acts 1919, § 2. Whatever else the conduct of this girl and Poalucci may have been on the grandstand, where alone and out of sight they attempted to carry out a common purpose to engage in the act of sexual intercourse, it was not open and gross lewdness. On the contrary, what they did was private and concealed from everyone but themselves; and, as they were both willing participants in all that was done, lewdness, open and gross, as shown in such cases as *State* v. *Millard,* 18 Vt. 574, 46 A. D. 170; *Fowler* v. *State,* 5 Day (Conn.) 81; and *Commonwealth* v. *Wardell,* 128 Mass. 52, 35 A. R. 357, was not proved. It follows, of course, that the respondent is not guilty as charged.

His other exceptions require no notice in view of the disposition which must be made of this case.

*Judgment reversed and respondent discharged.*