## UNITED STATES v. KELLY.

District Court, D. Maryland. May 7, 1928.

No. 4383.

1. **Intoxicating liquors** ⬅⟹256—**In proceeding to recover liquor seized under search warrant, evidence did not rebut presumption that original acquisition and subsequent storage on premises were unlawful (National Prohibition Act, tit. 2, §§ 25, 33 [27 USCA §§ 39, 50]).**

In proceeding against United States to recover liquor seized under National Prohibition Act, tit. 2, § 25 (27 USCA § 39), after acquittal of person tried for possessing same, evidence *held* not to rebut presumption, under section 33, tit. 2, of act (27 USCA § 50), that original acquisition of liquor and its subsequent storage on premises were unlawful.

2. **Intoxicating liquors** ⬅⟹256—**In proceeding to recover liquor seized under search warrant, burden was on petitioner to establish ownership alleged (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).**

In proceeding by one alleging ownership of liquor to recover liquor seized under National Prohibition Act, tit. 2, § 25 (27 USCA § 39), after acquittal of person tried for possessing liquor, burden of proof was on petitioner to prove alleged ownership.

**3. Intoxicating liquors ☞256—In proceeding to recover liquor seized, after acquittal of petitioner's husband, court was not bound by what happened in criminal proceeding on question of petitioner's ownership (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).**

In proceeding to recover liquor seized under National Prohibition Act, tit. 2, § 25 (27 USCA § 39), after acquittal of petitioner's husband, tried for unlawfully possessing liquor, court was not bound by what happened in criminal proceeding regarding question of petitioner's ownership of liquor.

**4. Intoxicating liquors ☞256—In proceeding to recover liquor seized under search warrant, court could consider surrounding circumstances on question of petitioner's ownership (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).**

In proceeding to recover liquor lawfully seized, under National Prohibition Act, tit. 2, § 25 (27 USCA § 39), after acquittal of petitioner's husband, tried for unlawfully possessing liquor, court was not required to accept claim of petitioner, or even to believe uncontradicted testimony tending to establish sole ownership and possession for lawful purposes in petitioner, but could take into account surrounding circumstances and determine whether there was still any reason to doubt petitioner's contention.

**5. Intoxicating liquors ☞256—In proceeding to recover liquor seized, petitioner, not possessing permit, did not sustain burden of proving she was not using premises having saloon for purposes other than dwelling (National Prohibition Act, tit. 2, §§ 25; 33 [27 USCA §§ 39, 50]).**

In proceeding to recover liquors lawfully seized, under National Prohibition Act, tit. 2, § 25 (27 USCA § 39) after acquittal of petitioner's husband, charged with possessing liquor unlawfully, petitioner, having no permit, *held* not to have sustained burden of proving, under section 33, tit. 2, of the act (27 USCA § 50), that she was not using premises in which there was saloon at time for other purposes than as dwelling.

**6. Intoxicating liquors ☞139—Possessing liquor on premises which one uses partly as dwelling and partly as saloon without permit is unlawful (National Prohibition Act, tit. 2, § 33 [27 USCA § 50]).**

Under National Prohibition Act, tit. 2, § 33 (27 USCA § 50), it is unlawful for one to have in his possession intoxicating liquor on premises which he himself is using, partly as a dwelling and partly as a saloon, without a permit.

Joseph F. Kelly was tried for unlawfully possessing liquor, and was acquitted, and his wife filed a petition, asserting ownership in liquor seized and asking for its return. Petition dismissed.

William Lee Rawls, of Baltimore, Md., for petitioner.

Amos W. W. Woodcock, U. S. Atty., of Baltimore, Md.

COLEMAN, District Judge. The question here presented is whether a person, asserting ownership in intoxicating liquor lawfully seized under the National Prohibition Act (27 USCA), is entitled to its return, when the trial of another, who denied ownership and possession, but who was alleged to have unlawfully possessed the liquor, and in which the liquor was used as evidence, has resulted in his acquittal, and when the government, for a period of more than four years thereafter, has failed to institute any other proceeding to test its right to retain the liquor.

It appears that on May 17, 1922, certain federal prohibition agents, acting in pursuance of a search warrant, the validity of which is not disputed, entered the premises at the southeast corner of Greenmount avenue and East Eager street, in the city of Baltimore, on the first floor of which there was conducted a saloon; the upper floors being used as the home of the petitioner and her husband, Joseph F. Kelly. The property seized was taken from the third floor. Thereafter—that is, on or about March 9, 1923—the husband, Joseph F. Kelly, was tried before a jury in this court on the charge of having unlawfully in his possession the property so seized, or certain portions thereof, and at the trial the government produced samples of the wines, liquors, and spirits in evidence against Kelly. The jury acquitted him.

The petitioner alleges that the property seized was her own, not her husband's, and that she was in lawful possession of it at the time, it having been owned by her and stored on the third floor of the same premises since a date prior to the passage of the National Prohibition Act; that in view of her husband's acquittal, and of the fact that no charge of violating any provision of the National Prohibition Act or any other statute regarding intoxicating liquors, has ever been brought against her, the retention of these wines, liquors, and spirits on the part of the government is illegal; and that, therefore, they should be returned. Or, in other words, petitioner's contention is that, the property not being her husband's, it became the duty of the government, within a reasonable time after his acquittal, to institute proceedings, either in rem or by way of prosecution of the petitioner, to determine the lawfulness of the seizure, so far as she, the owner, was concerned; that the proceeding to which the seizure was originally incidental, namely, the prosecution of her husband, having failed by reason of his acquittal, did of itself give no

further warrant for the retention of the property by the government. It appears that, after the lapse of more than a year from the date of her husband's acquittal, petitioner filed the present petition, asserting ownership in the property seized and asking for its return. Five years have now elapsed since her husband's acquittal.

It is well established that property *unlawfully* seized by federal authority must be returned to the party from whom it has been taken. Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654. This principle has been frequently applied to intoxicating liquors, wrongfully seized, under the National Prohibition Act. In fact, the authorities are so numerous' and so uniform that further citation or analysis of cases seems scarcely necessary. See Keefe v. Clark (D. C.) 287 F. 372; Dickhart v. United States, 57 App. D. C. 5, 16 F.(2d) 345, and cases therein cited. A fortiori, if the seizure is unlawful, and the person out of whose possession the property is taken is *acquitted,* he is entitled to its return. In re Brenner (C. C. A.) 6 F.(2d) 425.

However, the present case presents a third and different situation, in that there is no claim that the seizure was an unlawful one. Nevertheless the government contends that it had, and still has, the right to retain the property. Summarized, the argument of the government appears to be, first, that the proceedings respecting this property, in connection with the trial of Kelly, amounted to a judicial determination that the liquor seized was unlawfully held under title 2, §' 25, of the National Prohibition Act (27 USCA § 39), and is, therefore, subject to confiscation; second, that, since title 2, § 33, of the act (27 USCA § 50), places the burden of proof upon the possessor of liquor to show that his possession is lawful, the situation differs from that surrounding other property which might be taken upon a search warrant, as, for example, books and papers, the possession of which might be lawful for some purposes, although unlawful for others; and, third, that, even if it be admitted that the search warrant is merely the first step in a criminal prosecution, the government would still be within its rights in preserving the status quo until all persons mentioned in the search warrant are apprehended and their cases disposed of. In this connection it is alleged that one Carroll, for whose arrest a warrant was also issued, is still at large.

In support of the aforegoing contentions, the government has cited several authorities, but all of these decisions deal with the confiscation of stills and the product thereof, property which could not by its very nature have been otherwise than illegally possessed or manufactured. It was, therefore, *always* contraband by the express operation of title 2, § 25, of the act, which provides as follows:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of public law numbered 24 of the Sixty-Fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor shall be destroyed unless the court shall otherwise order."

Note the words, *"If it is found* that such liquor or property was so unlawfully held or possessed," etc. To have ordered the return of such property would, as was pointed out by the government, have been tantamount to directing an illegal act. See United States v. Rykowski (D. C.) 267 F. 866; United States v. Alexander (D. C.) 278 F. 308; Godat v. McCarthy (D. C.) 283 F. 689; United States v. Dziadus (D. C.) 289 F. 838.

Section 33, title 2, of the act, provides as follows:

"After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of, in violation of the provisions of this title. Every person legally permitted under this title to have liquor shall report to the commissioner within ten days after the date when the eighteenth amendment of the Constitution of the United States goes into effect, the kind and amount of intoxicating liquors in his possession. But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing

in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

In construing this provision, the court in the Petition of Shoemaker (D. C.) 9 F.(2d) 170, 171, 172, said:

"This is a rule of evidence, to be applied by the court under proper instructions to the jury, on the trial of a case involving the alleged illegal possession of liquor. This section recognizes, as other provisions of the Volstead Act do, that liquors may be legally or illegally possessed; that this becomes a matter of ultimate proof; that, if the finding is that the liquors were kept for the purpose of being sold, bartered, or otherwise disposed of in violation of the law, then the possession would be illegal; otherwise, the possession would be legal. This is a question of fact, to be solved by a jury under the facts and the legal rules of evidence. The presumption, however, which arises from possession as a matter of evidence, cannot be asserted by an officer, nor invoked by the government, as a sanction for the seizure of the liquors otherwise than in strict accordance with the Constitution and the law. *In other words, possession is not made an offense under the Eighteenth Amendment, nor is possession of itself made an offense under the Volstead Act. It only becomes such when the possession is for the purpose of violating the law, and when this fact is properly averred and legally found.* [Italics inserted.]

"This general doctrine is recognized by the Supreme Court in Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548, wherein, in reference to section 33, the court said [page 94 (41 S. Ct. 33)]: 'Assuming that the unexplained presence of the liquors in the company's warehouse would give rise to the prescribed presumption, yet, if that presumption should be rebutted by appropriate testimony (as it is in this case by admissions) that the liquor to which it is applied is not being kept for the purpose of sale, barter, exchange, furnishing, or otherwise disposing of it in violation of the provisions of the title, the implication is plain that the possession should be considered not unlawful, even though it be by a person "not legally permitted"—that is, by a person not holding a technical permit to possess it, such as is provided for in the act.' "

See, also, Gallagher v. United States (C. C. A.) 6 F.(2d) 758.

The pleadings in the present case are a petition for return of the liquor, alleging lawful sole ownership; the answer thereto, denying such allegation and the right to its return; and petitioner's replication, joining issue.

We have seen, from the foregoing decisions construing the National Prohibition Act, that after its effective date the mere possession of liquor raises only a presumption that the same is unlawful; that is to say, that in the present case, it was either not lawfully acquired, and/or was being possessed for an unlawful purpose; and that, therefore, unless this presumption is rebutted by petitioner, it becomes absolute. In other words, the question of ownership of the liquor, in the sense of having title thereto, is material under the act only to the extent that it throws light upon the legality of the possession, because the act is not concerned with ownership as such, but with possession.

What does the evidence show? The record in the case against petitioner's husband has been stipulated into this proceeding. No other testimony has been presented. In the former case the petitioner did not appear as a witness. Her testimony would have been inadmissible on behalf of the defendant, her husband. Although no such bar exists in the present proceeding, she has elected not to testify. It appears from the testimony of the husband's witnesses, that subsequent to February 1, 1920, she stored all of the liquor involved in this proceeding on the third floor of the premises in a storage room to which she had sole access, and that from the time of the seizure she has asserted sole ownership and possession therein. This testimony has not been contradicted. There is no evidence, however, as to the exact date when the liquor was first acquired or possessed by the petitioner or when it was first brought upon the premises. There is evidence tending to identify the bottles and containers as those which were upon the same floor of the same premises, although in a different room, prior to the effective date of the act, namely, February 1, 1920. Also there is evidence that the agents at the time of the execution of the search warrant, being themselves impressed with the apparent age of the liquor, were in some doubt as to their right to seize it, and first communicated with headquarters for more definite instructions.

It is uncontradicted that whereas, at the time of the seizure a saloon was conducted on the first floor of the premises, and was licensed in the name of a third party, such license had been transferred from petitioner's

name only 17 days before the seizure, previous to which transfer she had held it for at least a year. There is, however, no evidence that any of this particular lot of liquor had ever been sold or kept in the saloon premises since the act went into effect, except the testimony of the government that certain samples introduced at trial as coming from the Kelly seizure, and stored at the concentration warehouse, were stamped as bottled in 1922 or contained artificial coloring matter, not found in genuine whisky. But this latter evidence loses some of its probative value, in view of additional testimony to the effect that the method used in storing goods in the concentration warehouse made it not only possible, but probable, that the samples referred to part of a totally different seizure.

[1-4] What is the conclusion to be reached from all of this evidence? Does it rebut the presumption that the original acquisition of the liquor and its subsequent storage upon the premises were unlawful? The court believes that it does not. While, as we have seen, the Prohibition Act is primarily concerned with possession, not ownership, petitioner has alleged ownership. Therefore the burden of proof is upon her to establish it. She has not established it to the satisfaction of the court, although there is some evidence to this effect, and, were the court bound by the verdict of acquittal in her husband's case, additional force would be added to the argument that the liquor must have been petitioner's, because proved not to have been her husband's. But the court considers that it is not bound by what happened in the former case. That was a criminal proceeding, where the burden of proof was upon the government to establish, beyond a reasonable doubt, that the liquor belonged to the defendant, that is, to the petitioner's husband. A mere preponderance of evidence that he owned or possessed the liquor would not necessarily have justified a verdict for the government.

This case, while collateral to the criminal proceeding, is nevertheless not of the same nature, and therefore the court believes that neither party is now bound by any finding of fact in the prior litigation; that is to say, the court is not required to accept the claim of the petitioner, or even to believe the uncontradicted testimony which may *tend* to establish sole ownership and possession for lawful purposes in the petitioner, but may take into account all of the surrounding circumstances, and determine whether there is still any reason to doubt the contention of the petitioner. A very conspicuous circumstance,

which the court cannot disregard, is the fact that petitioner has failed to testify in the present proceeding. The liquor is very substantial, both in quantity and in value. Its original cost must have been large. If it was lawfully acquired before the effective date of the Prohibition Act, there must have been some record in the possession of the petitioner relative to the purchase, as well as some record in the hands of the seller. These facts, added to the fact that petitioner's husband was guilty of a prior offense of possession on these same premises, seem to cast some doubt upon the conclusiveness of such evidence as there is that the petitioner was not acting in concert with her husband with respect to this particular quantity of liquor.

[5] The court feels that it need not rest its decision upon the aforegoing considerations alone, because there appears to be a further and conclusive reason why the petition should be denied. Under the provisions of section 33 of the act, the possession of liquor in one's *private dwelling for personal use* is lawful, though the dwelling is in part used for business purposes, unless the possessor is the person using it for such business purposes; and thus possession by a wife may be lawful, and need not be reported, as required by section 33, within 10 days after the effective date of the act, even though her husband is conducting a saloon in a part of the premises. U. S. v. Crossen (D. C.) 264 F. 459. And this is true in spite of the provisions of section 25 of the act, which, with respect to the issuance of search warrants, distinguishes between premises used wholly as a private dwelling and those used in part for some business purpose, because the language of section 33 applies to the *person* occupying and using a private dwelling as a dwelling only, while the search warrant provision of section 25 applies to the *property*—that is, the dwelling occupied as a private dwelling. That is to say, the effect of the use of the words "by him" and "his" in section 33 is to make possession in a private dwelling lawful as to any one except the person who is occupying and using the dwelling for other purposes than as a dwelling. U. S. v. Crossen, supra. But we still have the question to determine whether the present petitioner has in fact sustained the burden of proof, which rests upon her by the express language of section 33, to show that *she* was not using the premises at the time for other purposes than as a dwelling.

What does the evidence show as to this? There is a total absence of any evidence that a permit to retain the liquor has ever been sought by petitioner. It further appears

that, scarcely more than two weeks prior to the seizure, the license for the saloon was in petitioner's name, and had been in her name for at least a year. And furthermore, when it was transferred, it was placed in the name, not of her husband, but of a third person, Megrand, respecting whom the evidence is very meager. That is, there is no evidence that this party actually leased the premises, nor does it appear what, if any, interest he had in its management or its profits. It is true the record shows that petitioner's husband pleaded guilty to an offense of possession at those premises prior to the seizure here involved. But this is not presumptive of petitioner's disassociation with the saloon enterprise, in the face of her having been the licensee, as above stated.

[6] In view of these circumstances, it would appear that the licensee of the saloon at the time of the seizure was merely a straw man. At least, the petitioner has failed to overcome the natural inference to this effect. Therefore the court is unwilling to conclude that the case falls within that class heretofore referred to, where a report to the Commissioner of the kind and amount of intoxicating liquor in one's possession may be dispensed with. Unless one holds a permit, it is unlawful under section 33 to have in his possession intoxicating liquor on premises which he himself is using partly as a dwelling and partly as a saloon. U. S. v. Maag (D. C.) 287 F. 356; Fitzhugh v. Mitchell (D. C.) 277 F. 966.

The basis for the search warrant, which covered the entire premises, and which is unquestionably legal (U. S. v. McGuire [D. C.] 300 F. 98, affirmed 273 U. S. 95, 47 S. Ct. 259, 71 L. Ed. 556; see, also, Steele v. U. S. No. 1, 267 U. S. 498, 504, 45 S. Ct. 414, 69 L. Ed. 757), was an affidavit charging sale of liquor in the saloon below, by one Carroll with the assent of petitioner's husband, a fortnight after the time when the license was transferred from the petitioner to the name of Megrand, which transfer has not been adequately explained. The court concludes, therefore, that petitioner has not brought her case within the proviso of section 33, because she has not shown that the liquor, although on the third floor of the premises in a place forming part of her dwelling quarters and not of the saloon, was held under a permit, requisite upon all the facts as they appear.

For the aforegoing reasons, the petition must be dismissed, and it becomes unnecessary to discuss such decisions as Keefe v. Clark (D. C.) 287 F. 372, upon which petitioner relies, because not applicable to the facts in the present case.